## STATE ex BROWNING, City Solicitor v FAYETTE COUNTY COMMISSIONERS

Ohio Appeals, 2nd Dist, Fayette Co

No 208. Decided March 25, 1933

W. S. Paxson, Washington Court House, for plaintiff in error.

Normal L. McLean, Prosecuting Attorney, Washington Court House, for defendant in error.

BARNES, J.

The case required a construction of §4307 GC, which reads as follows:

"**Sec 4307 GC. Compensation.**—The prosecuting attorney of the police or mayor's court shall prosecute all cases brought be-

fore such court, and perform the same duties, as far as they are applicable thereto, as required of the prosecuting attorney of the county. The city solicitor or the assistant or assistants when he may designate to act as prosecuting attorney or attorneys of the police or mayor's court shall receive for this service such compensation as council may prescribe, and such additional compensation as the county commissioners shall allow."

A somewhat similar question was before the Court of Appeals of the first district, Hamilton County, entitled **State ex Primmer v Commissioners, 7 Oh Ap 97.** The second syllabus in this case reads as follows:

"It is the duty of the county commissioners to make a proper allowance to the city solicitor for his services in state cases before the Municipal Court of Hamilton."

The only difference in the reported case and the instant case is that the Board of County Commissioners of Butler County refused to make any allowance, whereas the Board of County Commissioners of Fayette County made an allowance of one dollar.

The Butler County case was taken to the Supreme Court and is reported under the style of **Board of County Commissioners of Butler County et v State ex Primmer, City Solicitor, etc., 93 Oh St 62.** The judgment of the Court of Appeals was affirmed. The case carries no syllabus. The opinion was a per curiam. On page 43 of the opinion the court, in construing §4307 GC, uses this language:

"The evident purpose being that the city shall compensate him for the prosecution of city cases upon allowance of council and the county as a subdivision of the State shall compensate him for services rendered in state cases upon the allowance of the county commissioners."

This construction of some rather uncertain provisions of the Code clearly and directly holds that it is the duty of the county to compensate the solicitor for services rendered in state cases.

On page 44 the court uses this language:
"The amount allowed by the council and the amount allowed by the county commissioners is wholly in their judgment but the statute makes it mandatory upon them to allow something."

It is by reason of this language of the Supreme Court that the Board of County Commissioners claim to have made a full compliance with the requirements of the statute. As we understand the position of the defendant in error, the allowance of one dollar per year was made as an intended compliance with the Code as they interpret the construction placed thereon by the Supreme Court as above quoted.

Counsel for defendant in error calls attention to the above quoted paragraph of the opinion of the Supreme Court and insists that the requirements of §4307 GC have been observed. It is pointed out that the Supreme Court says that under the statute it is mandatory to allow something and they have allowed something. It is further urged that the smallness of the amount cannot be inquired into since the Supreme Court has said that the amount to be allowed must be left wholly to the judgment of the county commissioners. The trial court adopted this view and dismissed the petition. In this, we think there was error. Attention is called to this quoted portion of the decision of the Supreme Court wherein they say that the amount of the allowance is wholly in the judgment of the county commissioners. Under the evidence in the case we have no difficulty in arriving at the conclusion that there was not the exercise of judgment. Their pretended allowance of one dollar was for no other purpose than to make a gesture of compliance. Two of the Board of County Commissioners were inquired of on cross examination and their evidence is before us. The third was not able to be present but it was stipulated that his testimony would be in substance the same as the others. There was a frank and bold admission that they had no knowledge as to the nature or extent of the work and had made no investigation whatever as to what the services would reasonably be worth. When the Supreme Court made the statement that the amount of the allowance must be left to the judgment of the Board of County Commissioners it meant just what it said. If the evidence in this case could support the exercise of judgment, we would have arrived at an entirely different conclusion. It is probably true that the Board of County Commissioners think that the county should not be called upon to pay for this service and on that question they possibly are sincere in their judgment, but the law is otherwise.

They further may have the view that the compensation paid by the city is adequate,

but again the Supreme Court has said that the county shall pay for the services rendered in state cases.

It is a principle of law thoroughly established not only in this state but in other jurisdictions that discretionary acts will be controlled when the discretion is abused. In Vol. 28 Corpus Juris, page 599, will be found the following:

"The discretion must be exercised under the established rules of law and it may be said to be abused within the foregoing rule where the action complained of has been arbitrary or capricious, or based on personal, selfish, or fraudulent motives, or on false information or on a total lack of authority to act, or where it amounts to an evasion of a positive duty, or there has been a refusal to consider pertinent evidence, hear the parties when so required, or to entertain any proper question concerning the exercise of the discretion, or where the exercise of the discretion is in a manner entirely futile and known by the officer to be so and there are other methods which if adopted would be effective. If by reason of a mistaken view of the law or otherwise there has been in fact no actual and bona fide exercise of judgment and discretion, as, for instance, where the discretion is made to turn upon matters which under the law should not be considered, or where the action is based upon reasons outside the discretion, mandamus will lie. So where the discretion is as to the existence of facts entitling the relator to the thing demanded, if the facts are admitted or clearly proved, mandamus will issue to compel action according to law. Nevertheless, the abuse of discretion must appear very clearly before the courts will interfere by mandamus."

Cited in a note under the above will be found the following Ohio cases:

Sycamore Board of Education v State, 80 Oh St 133.

State v Moore, 42 Oh St 103.

State v State Medical Board, 32 C.C. 385.

State v Spiegel, 22 C.C. (N.S.) 337.

State v Pendergast, 8 C.C. 401.

State v Wilson Township Board of Education, 5 N.P. 466.

Another case very much in point is the case of Police v Industrial Commission of Ohio, 23 C.C. (N.S.) 433. It will be observed that the section of the law under consideration provided that the finding of the Industrial Commission on the question of amount should be final. A small allowance was made. On page 434 will be found the

answer of the defendant in which they set up the provision of the law that their allowance was final. Judge Grant, in rendering the opinion, said that the small amount allowed could not be considered as an allowance of anything; that there was an abuse of discretion.

Coming now to make the order that the Court of Common Pleas should have made, a writ of mandamus will issue ordering the defendant to make a proper allowance to the relator as required under §4307 GC. Counsel will prepare an entry accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.