THE STATE, EX REL. KREJCI, APPELLANT, *v.*
CIVIL SERVICE COMMISSION OF NORTH ROYALTON ET AL., APPELLEES.

[Cite as State, ex rel. Krejci, *v.* North Royalton Civil Service Comm. (1985), 17 Ohio St. 3d 140.]

(No. 84-493—Decided May 22, 1985.)

*Vorys, Sater, Seymour & Pease, John V. Jackson II* and *Duke W. Thomas,* for appellant.

*Robert J. Sindyla,* law director, for appellees.

*Per Curiam.* The court of appeals held that the demotion of appellant prior to the end of his probationary period did not constitute a violation of the writ which compelled his promotion originally. We agree. "The function of mandamus is to compel the performance of a present existing duty as to which there is a default. It is not granted to take effect prospectively, and *it contemplates the performance of an act which is incumbent on the respondent when the application for a writ is made.*" (Emphasis added.) *State, ex rel. Willis,* v. *Sheboy* (1983), 6 Ohio St. 3d 167, paragraph two of the syllabus.

The writ allowed by the court of appeals ordered that appellant be promoted to the rank of sergeant because he had attained the top position on the eligibility list when that vacancy occurred. The writ did not attempt to provide relief to appellant beyond the original promotion.

In *Walton* v. *Welfare Dept.* (1982), 69 Ohio St. 2d 58 [23 O.O.3d 93], we had the opportunity to discuss the role of probation in the civil service system and stated at 59:

"Since 1913, Ohio has provided for a probationary period for civil service employees. The requirement of a period of probationary service has been held to be part of a valid statutory scheme implementing Section 10, Article XV of the Ohio Constitution. *State, ex rel. Clements,* v. *Babb* (1948), 150 Ohio St. 359, 368-369 [38 O.O. 217]. Specifically, in *Babb,* this court held that the requirement of the Ohio Constitution that appointments and promotions be ascertained by competitive examination 'as far as practicable' leaves room for the possibility that examination might not be the sole test of merit and fitness. For that reason a probationary period might be imposed to aid in determining fitness. *Id.* Successful completion of the prescribed probationary period is required before appointment to a civil service position is made final. *State, ex rel. Artman,* v. *McDonough* (1936), 132 Ohio St. 47, 49 [7 O.O. 160]."

An original civil service appointment or promotion is not intended to guarantee continued employment throughout the employee's probationary period. Thus, we cannot accept appellant's argument that his probationary demotion violated the original writ compelling promotion. To do so would defeat the recognized purpose of probation in the civil service system and impermissibly broaden the scope of the writ allowed.

For the same reasons, we reject appellant's contention that he was entitled to an evidentiary hearing in the court of appeals to have the oppor-

tunity to establish that appellees acted in bad faith. Such a finding would not render appellant's probationary demotion actionable as a violation of the writ compelling his promotion.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.