[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 383.]

THE STATE EX REL. VILLAGE OF BOTKINS *v.* LAWS ET AL.

[Cite as *State ex rel. Botkins v. Laws*, 1994-Ohio-518.]

*Mandamus to compel Shelby County Commissioners to pay village solicitor for services provided by him in Sidney Municipal Court—Limited writ granted to compel commissioner to exercise their discretion pursuant to R.C. 1901.34(C) in determining reasonable amount of compensation due village solicitor.*

(No. 92-2144—Submitted March 1, 1994—Decided June 1, 1994.]

IN MANDAMUS.

———————————

{¶ 1} On October 26, 1992, the village of Botkins, relator, filed a complaint seeking a writ of mandamus to compel the Shelby County Commissioners, respondents, to comply with R.C. 1901.34(C) by paying relator's village solicitor, Stanley R. Evans, for services provided by him and his assistants in the Sidney Municipal Court. The complaint named William E. Leighty, Adolph J. Meyer, and Thomas A. Zimpher, in their capacities as Shelby County Commissioners, as respondents. Following this court's overruling of respondents' motion to dismiss relator's complaint, John Laws and C. Richard Meeker, as duly elected successors to Leighty and Meyer as Shelby County Commissioners, as well as Zimpher, filed an answer which admitted some of the allegations of the complaint and asserted that relator had no standing to bring the action. Respondents further contended that relator had failed to include a necessary party, *i.e.*, the village solicitor, in its action.

{¶ 2} The parties filed an agreed partial statement of facts, and relator filed an affidavit of its mayor, Donald Doll. The pleadings and evidence presented pursuant to Section 7 of S.Ct.Prac.R. VIII set forth the following facts. Relator is an Ohio municipal corporation situated in Shelby County, Ohio, and is organized

as a statutory form of municipal government as provided by Section 2, Article XVIII, Ohio Constitution. The Sidney Municipal Court has territorial jurisdiction over all of Shelby County, including relator. Pursuant to R.C. 733.48, relator, under its legislative authority, deeming it necessary, employed a village solicitor to, *inter alia*, provide legal counsel to it. Evans has been the village solicitor for relator since January 1, 1989. The county and/or state receive any fines paid for the violation of state laws which occur within the county, as well as those violations which occur inside municipal corporations located therein. Village Solicitor Evans and his assistants have prosecuted cases in the Sidney Municipal Court involving alleged criminal violations of state law that occurred within relator's territorial boundaries.

{¶ 3} On August 23, 1990, Evans, by letter to the Shelby County Prosecuting Attorney, requested the prosecutor's opinion regarding payment to the solicitor for prosecutions in the Sidney Municipal Court pursuant to R.C. 1901.34(C). On October 15, 1990, the prosecutor, in a letter to Evans, noted that the statutory directive was discretionary rather than mandatory and stated that Evans should contact respondents directly. On October 30, 1990, Evans, Doll, and the village's police chief met with respondents and discussed the payment issue. By letter dated December 17, 1990, Evans requested a decision from respondents on the reimbursement matter. A May 9, 1991 letter from Evans to respondents reiterated the request for a decision and included an invoice for legal services rendered in April 1991 for criminal prosecutions in the Sidney Municipal Court. The invoice listed the types of legal services rendered, the corresponding dates, and a total balance due of $410.

{¶ 4} By letter dated May 16, 1991 to Evans, respondents denied his request that the county pay him for his legal services pursuant to R.C. 1901.34(C). The respondents specified that the county possessed "no legal obligation" to assume those costs. On March 25, 1992, Evans, in another letter to respondents, again

requested that the county pay his legal expenses pursuant to R.C. 1901.34(C). In an April 9, 1992 letter, respondents again denied Evans' request, stating that they had not located any case "where commissioners are responsible for costs of prosecution of village misdemeanant cases" and further noting that it was "inadvisable to enter into any * * * agreement" with relator concerning such payment.

{¶ 5} Relator compensated Evans for his and his assistants' prosecutorial services in prosecuting criminal cases in the Sidney Municipal Court, and the solicitor assigned all of his rights and claims for such compensation from respondents to relator. According to Doll, relator, since 1986 has paid its village solicitors at least $7,000 for the prosecutorial services at issue. By resolution adopted on September 8, 1992, relator authorized Evans to commence this action to compel respondents to pay it the compensation authorized by R.C. 1901.34(C).

_____

*Stanley R. Evans*, Village Solicitor, and *Randall W. May*, for relator.

*James F. Stevenson*, Shelby County Prosecuting Attorney, and *Michael F. Boller*, Assistant Prosecuting Attorney, for respondents.

_____

**Per Curiam.**

{¶ 6} Relator contends that it is entitled to a writ of mandamus to compel respondents to (1) reimburse it a reasonable amount for sums paid to its village solicitor for past prosecutions in the Sidney Municipal Court of criminal violations of state law occurring within the village, and (2) pay its village solicitor prospectively a reasonable amount for such prosecutions. In order to be entitled to a writ of mandamus, relator must establish that (1) relator has a clear legal right to the relief prayed for, (2) respondent has a clear legal duty to perform the act requested, and (3) relator has no plain and adequate remedy at law. State ex rel. *Manson v. Morris* (1993), 66 Ohio St.3d 440, 441, 613 N.E.2d 232, 233-234; *State*

*ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus.

**{¶ 7}** When it deems it necessary, the legislative authority of a village may provide legal counsel for the village. R.C. 733.48. The village solicitor for each municipal corporation within the territory of a municipal court shall prosecute all criminal cases brought before the municipal court, including those involving violations of state statutes occurring within the municipal corporation. R.C. 1901.34(A). R.C. 1901.34(C) provides:

"The village solicitor, city director of law, or similar chief legal officer shall perform the same duties, insofar as they are applicable to him, as are required of the prosecuting attorney of the county. *He or his assistants whom he may appoint shall receive for such services additional compensation to be paid from the treasury of the county as the board of county commissioners prescribes*." (Emphasis added.)

**{¶ 8}** Relator claims that the foregoing provision places a mandatory duty upon respondents to pay Evans and his assistants additional compensation for prosecuting criminal cases in the Sidney Municipal Court. Respondents assert that any duty arising under R.C. 1901.34(C) is discretionary.

**{¶ 9}** R.C. 1901.34(C) provides that the village solicitor and any assistants "shall" receive additional compensation for the services required of them under R.C. 1901.34(A). It is axiomatic that when used in a statute, the word "shall" denotes that compliance with the commands of that statute is mandatory unless there appears a clear and unequivocal legislative intent that it receive a construction other than its ordinary usage. *Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 534, 605 N.E.2d 368, 370; *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus. There is no contrary "clear and unequivocal legislative intent" here. Nevertheless, the remainder of R.C. 1901.34(C) specifies that the additional compensation that "shall" be paid is "as the board of county

commissioners prescribes," which evidences discretion on the part of the county commissioners.

{¶ 10} In *Butler Cty. Bd. of Commrs. v. State ex rel. Primmer* (1915), 93 Ohio St. 42, 112 N.E. 145, this court interpreted an analogous statutory provision, G.C. 4307 (now R.C. 733.52), which provided:

"The prosecuting attorney of the police or mayor's court shall prosecute all cases brought before such court, and perform the same duties, as far as they are applicable thereto, as required of the prosecuting attorney of the county. The city solicitor or the assistant or assistants whom he may designate to act as prosecuting attorney or attorneys of the police or mayor's court *shall receive for this service such compensation as council may prescribe, and such additional compensation as the county commissioners shall allow*." (Emphasis added.)

{¶ 11} We affirmed the granting of a writ of mandamus to allow and fix a city solicitor's compensation for additional services as a prosecuting attorney in municipal court because "[t]he amount allowed by the council and the amount allowed by the county commissioners is wholly in their judgment, but the statute makes it mandatory upon them to allow something." *Id.* at 44, 112 N.E. at 146.

{¶ 12} Similarly, in *State ex rel. Browning v. Fayette Cty. Commrs.* (App.1933), 14 Ohio Law Abs. 529, the Second District Court of Appeals held that a writ of mandamus would issue where the county commissioners abused their discretion in allowing only one dollar to a city solicitor for his services in state cases before a municipal court pursuant to G.C. 4307. It determined that the commissioners had abused their discretion where they had "no knowledge as to the nature or extent of the work and * * * no investigation whatever [was made] as to what the services would reasonably be worth." *Id.* at 531.

{¶ 13} In these cases, it is "evidently the legislative intent that the commissioners are to provide additional compensation in amounts commensurate with the additional duties involved, and where such additional duties are negligible,

to withhold such additional compensation entirely." See 1985 Ohio Atty.Gen.Ops. No. 85-086, at 2-349 to 2-350, fn. 1, and 1952 Ohio Atty.Gen.Ops. No. 2183 at 793, construing prior versions of R.C. 1901.34(C).

{¶ 14} Based upon the foregoing authorities, it is manifest that respondents possessed a mandatory duty under R.C. 1901.34(C) to compensate Evans and his assistants for their additional services, but that the amount of such compensation was within the discretion of respondents. This interpretation gives effect to all parts of R.C. 1901.34(C). See *State v. Arnold* (1991), 61 Ohio St.3d 175, 178, 573 N.E.2d 1079, 1082 (a statute shall be construed, if practicable, as to give effect to every part of it). Cf., also, *State ex rel. Cleveland Mun. Court v. Cleveland City Council* (1973), 34 Ohio St.2d 120, 63 O.O.2d 199, 296 N.E.2d 544 (where legislative authority possesses discretion in funding requests, the party seeking money is not entitled to an unquestioned appropriation of all sums requested).

{¶ 15} A writ cannot issue to control an officer's exercise of discretion, but it can be issued to compel him to exercise it when he has a clear legal duty to do so. *State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 4, 591 N.E.2d 1186, 1189; *State ex rel. Martin v. Corrigan* (1986), 25 Ohio St.3d 29, 25 OBR 24, 494 N.E.2d 1128. Respondents refused relator's and Evans' requests for additional compensation because it felt that it had "no legal obligation" to do so. Consequently, respondents failed to exercise their discretion as required by the plain language of R.C. 1901.34(C). Nevertheless, respondents raise several additional contentions in support of denying mandamus relief here.

{¶ 16} Respondents assert that (1) this case should proceed to an evidentiary hearing, (2) Evans could not contractually assign his right to compensation, (3) Evans was not entitled to prosecute criminal actions in the absence of enabling legislation authorizing him to perform such duties, (4) relator is not the real party in interest, (5) mandamus will not lie against the successor

commissioners, and (6) mandamus will not lie against the ex-commissioners in their individual capacities.

{¶ 17} Respondents initially claim that factual issues remain which require an evidentiary hearing pursuant to R.C. 2731.09. However, to the extent that R.C. 2731.09 conflicts with Section 7 of S.Ct.Prac.R. VIII, the rule supersedes the statute. See, generally, Whiteside, Ohio Appellate Practice (1993) 134, Section T 10.07. More importantly, in the case at bar, the issues are subject to determination based solely upon the admissions contained in respondents' answer as well as the parties' agreed statement of facts, *i.e.*, the dispositive facts are uncontroverted.

{¶ 18} As to respondents' assertion that Evans could not contractually assign his right to compensation, R.C. 1901.34(C) provides for payment to the village solicitor, city director of law, similar chief legal officer, or their assistants for the additional duties specified in R.C. 1901.34(A). Nevertheless, the compensation already earned by a public officer may validly be assigned by him, although an assignment of future compensation not yet earned is contrary to public policy and thus void. *Serrill v. Wilder* (1907), 77 Ohio St. 343, 357, 83 N.E. 486, 491, citing Mechem, Public Office and Officers, Section 874. Further, Evans was required to prosecute criminal actions by virtue of R.C. 1901.34(A). Therefore, the absence of additional enabling legislation is not fatal to relator's claim.

{¶ 19} Respondents, as they did in their dismissal motion, contend that relator is not the real party in interest. Civ.R. 17(A) provides that "[e]very action shall be prosecuted in the name of the real party in interest." Additionally, a complaint for a writ of mandamus must set forth facts showing that the relator is a party beneficially interested in the requested act before a proper claim is established. R.C. 2731.02; *Hodges*, *supra*. A real party in interest is one who is directly benefitted or injured by the outcome of the case rather than one merely having an interest in the action itself. McCormac, Ohio Civil Rules Practice (2 Ed.1992) 64, Section 4.02, citing *W. Clermont Edn. Assn. v. W. Clermont Bd. of*

*Edn.* (1980), 67 Ohio App.2d 160, 21 O.O.3d 457, 426 N.E.2d 512; see, also, *Barksdale v. Ohio Dept. of Adm. Serv.* (1992), 78 Ohio App.3d 325, 329, 604 N.E.2d 798, 800-801. Since relator has an interest, by virtue of Evans' assignment of his claims, it is a real party in interest as to its claim for reimbursement for additional compensation under R.C. 1901.34(C).

{¶ 20} However, relator does not possess sufficient direct beneficial interest as to its request to compel respondents to pay the *village solicitor* prospectively. Moreover, the village solicitor has not joined this action as a relator. Although Civ.R. 17(A) provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest," pleading defects such as the failure to amend a complaint to join a proper party may not be ignored. *Patterson v. V & M Auto Body* (1992), 63 Ohio St.3d 573, 577, 589 N.E.2d 1306, 1309. Relator and Evans were afforded a reasonable time to allow the joinder of the solicitor to the action but never did so.

{¶ 21} Furthermore, the function of mandamus is to compel the performance of a present existing duty as to which there is a default; it is not granted to take effect prospectively, and it contemplates the performance of an act which is incumbent on the respondent when the application for a writ is made. *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph two of the syllabus; *State ex rel. Krejci v. N. Royalton Civ. Serv. Comm.* (1985), 17 Ohio St.3d 140, 141, 17 OBR 284, 285, 478 N.E.2d 239, 240. Therefore, relator's claim for mandamus to compel prospective payment to the village solicitor must be denied.

{¶ 22} Regarding respondents' remaining arguments concerning the substitution of two of them as commissioners during the pendency of this action, Civ.R. 25(D)(1) provides:

"When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. * * *" Since the action is really against the position rather than the person, the action is not affected by the change in office. See, generally, McCormac, *supra*, at 87, Section 4.31; see, also, *State ex rel. Gill v. Winters* (1990), 68 Ohio App.3d 497, 589 N.E.2d 68; *Brooks v. Barry* (Jan. 30, 1992), Gallia App. No. 90CA27, unreported. Therefore, the action here is not affected by the election of two new commissioners during the pendency of this action. Moreover, since the two ex-commissioners, Leighty and Meyer, were sued solely in their official capacities, they have already been automatically removed from the action, and their pending motion for summary judgment is consequently moot. With regard to respondents' contention that there was no denial or default, the evidence indicates that they twice denied requests for compensation pursuant to R.C. 1901.34(C). No further requests were required.

{¶ 23} Accordingly, relator is entitled to a limited writ of mandamus to compel respondents to exercise their discretion pursuant to R.C. 1901.34(C) in determining a reasonable amount of compensation due Evans for the additional services already rendered, which claims he has assigned to relator. In exercising their discretion, respondents are under no duty to award all sums requested, *i.e.*, they are not bound by the amount that relator determined was proper in paying its village solicitor. Nevertheless, their decision should be based upon the evidence submitted to relator concerning the reasonable value of these services. *Browning*, *supra*. Thus, relator's request to compel payment to its village solicitor prospectively is denied.

{¶ 24} Accordingly, for the foregoing reasons, relator's request for a writ of mandamus is granted in part and denied in part.

*Writ granted in part and denied in part.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS and RESNICK, JJ., concur in part and dissent in part.

_____

**DOUGLAS, J., concurring in part and dissenting in part.**

{¶ 25} I concur with the majority's holding that pursuant to R.C. 1901.34(C), relator is entitled to reimbursement from respondents for compensation relator has paid to its village solicitor, Stanley R. Evans. I do not, however, agree with the discussion and holding of the majority that respondents are not obligated to pay compensation to relator or Evans for *future* prosecutions of criminal cases involving state law violations which are brought in the Sidney Municipal Court. Would the majority have relator and/or Evans file a mandamus action in this court after every prosecution? Unfortunately, that is the practical effect of today's decision. The case at bar is not simply a cause of action for restitution or past payments due relator from respondents. This is a statutory construction case and, even though the present action lies in mandamus, once we construe a statute, such as R.C. 1901.34, that construction *is binding* upon all those who happen to fall within the statutory scheme.

{¶ 26} R.C. 1901.34(A) requires that Evans prosecute criminal cases in the Sidney Municipal Court for alleged state law violations which occur within relator's territorial boundaries. Further, R.C. 1901.34(C) provides that the village solicitor perform the same duties as are required of the prosecuting attorney in the county, and that the solicitor and any of his or her assistants "*shall* receive for such services additional compensation to be paid from the treasury of the county * * *." (Emphasis added.)

{¶ 27} With regard to prosecutions by a village solicitor involving violations of state law, the village itself does not receive any fines imposed. See, *e.g.*, R.C. 2949.11. In such an instance, these fines end up in the hands of the county

and/or state and, consequently, the village is forced to bear the prosecutorial expenses. Fortunately, the General Assembly enacted R.C. 1901.34 to help remedy this inequity. Compensation received by a municipal corporation from a county for services rendered by a village solicitor and his or her assistants helps to defray costs of potentially expensive criminal prosecutions.

{¶ 28} The majority confirms that "Evans was required to prosecute criminal actions by virtue of R.C. 1901.34(A)." However, citing *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, and *State ex rel. Krejci v. N. Royalton Civ. Serv. Comm.* (1985), 17 Ohio St.3d 140, 17 OBR 284, 478 N.E.2d 239, the majority ignores the general requirements of R.C. 1901.34(C) and holds that "relator's claim for mandamus to compel prospective payment to the village solicitor must be denied."

{¶ 29} The majority confuses the import of the requested relief sought by relator. Relator is seeking a reasonable amount of compensation for payments made to its village solicitor for past prosecutions, and essentially a determination from this court that respondents, under similar circumstances in the future, *must follow the law* set forth by the General Assembly and provide a reasonable amount of compensation to relator or its village solicitor for prosecution of all criminal cases involving a state law which are commenced in the Sidney Municipal Court. Furthermore, the majority's reliance on *Willis* and *Krejci*, *supra*, in my opinion, is misplaced. Neither decision involved R.C. 1901.34(C) nor were they a result of our interpretation of a state law. Additionally, *Butler Cty. Bd. of Commrs. v. State ex rel. Primmer* (1915), 93 Ohio St. 42, 112 N.E. 145, which is also extensively relied upon by the majority, indicates that an interpretation of a state statute by this court, even though the underlying action is in mandamus, is not frozen in time and thereby limited solely to the party requesting relief. This court noted that "[t]his [G.C. 4307] being a state statute, providing for compensation for services rendered

to the state, it should be so construed to have uniform operation as far as practicable throughout the state." *Id.* at 45, 112 N.E. at 147.

{¶ 30} Today's majority holds that R.C. 1901.34(C) should be applied in a vacuum. However, such a finding perpetuates an issue which should be put to rest. To prevent the same or similar problem from arising in the future, this court's interpretation of R.C. 1901.34(C) should be binding upon all those who come within the requirements of the statutory scheme.

{¶ 31} For the foregoing reasons, I concur in part and dissent in part.

RESNICK, J., concurs in the foregoing opinion.

———————————