OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Martinelli, Appellant, v. Corrigan, Judge,
Appellee.
[Cite as State ex rel. Martinelli v. Corrigan (1994),
Ohio St.3d        .]
Mandamus to compel judge to enter a ruling on motion to correct
      the record -- Complaint dismissed, when.
      (No. 93-2002 -- Submitted December 7, 1993 -- Decided
February 23, 1994.)
      Appeal from the Court of Appeals for Cuyahoga County, No.
65678.
      In 1982, the Cuyahoga County Court of Common Pleas entered
a judgment of conviction and sentence upon a jury verdict
finding Joseph P. Martinelli, appellant, guilty of murder.
Judge Daniel O. Corrigan, appellee, was the presiding judge in
appellant's murder trial.  The Cuyahoga County Court of Appeals
susequently affirmed the common pleas court's judgment.  State
v. Martinelli (Mar. 17, 1983), Cuyahoga App. No. 45148,
unreported.  On June 3, 1993, appellant filed an application
for delayed reconsideration pursuant to App.R. 26 and State v.
Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204,1 in the
Cuyahoga County Court of Appeals.  On the same date, relator
filed a motion in the Cuyahoga County Court of Common Pleas to
correct the record in his 1982 murder trial pursuant to Crim.R.
36.
      On June 9, 1993, appellant filed a complaint for a writ of
mandamus in the Cuyahoga County Court of Appeals to compel
appellee to enter a ruling on his June 3, 1993 motion to
correct the record.  Appellee filed a "Brief in Opposition to
Petition for Writ of Mandamus," which both appellant and the
court of appeals treated as a Civ.R. 12(B)(6) motion to dismiss
for failure to state a claim upon which relief can be granted.
Appellant filed a motion for summary judgment.  On August 25,
1993, the court of appeals overruled appellant's motion and
granted appellee's motion, dismissing appellant's complaint for
extraordinary relief.
      The cause is before this court upon an appeal as of right.

      Joseph P. Martinelli, pro se.

Stephanie Tubbs Jones, Cuyahoga County Prosecuting Attorney, and Laurence R. Snyder, Assistant Prosecuting Attorney, for appellee.

Per Curiam.  Appellant contends that the court of appeals erred in dismissing his complaint for a writ of mandamus.  In order to be entitled to a writ of mandamus, a relator must establish (1) that he/she has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the act, and (3) that relator has no plain and adequate remedy in the ordinary course of law.  State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440, 441, 613 N.E.2d 232, 233-234.  Generally, Civ.R. 12(B)(6) motions attack the sufficiency of the complaint and may not be used to summarily review the merits of a cause of action in mandamus.  State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div. (1992), 65 Ohio St.3d 323, 325, 603 N.E.2d 1005, 1007. Nevertheless, on independent review of the merits, for the reason that follows, we agree with the court of appeals that appellant was not entitled to mandamus relief as a matter of law.  Cf., e.g., State ex rel. Cheren v. Akron Chief of Police (1993), 67 Ohio St.3d 461, 6 OBR 225, 619 N.E.2d 1024.

In State ex rel. Willis v. Sheboy (1983), 6 Ohio St.3d 167, 6 OBR 225, 51 N.E.2d 1200, we noted at paragraph two of the syllabus:

"The function of mandamus is to compel the performance of a present existing duty as to which there is a default.  It is not granted to take effect prospectively, and it contemplates the performance of an act which is incumbent on the respondent when the application for a writ is made."  See, also, State ex rel. Krejci v. N. Royalton Civ. Serv. Comm. (1985), 17 Ohio St.3d 140, 141, 17 OBR 284, 285, 478 N.E.2d 239, 240.

At the time appellant's complaint for a writ of mandamus was filed in the court of appeals, only six days had elapsed from the date he filed his motion to correct the record in appellee's court.  Appellant cited both below and before this court Associated Estates Corp. v. Fellows (1983), 11 Ohio App.3d 112, 11 OBR 166, 463 N.E.2d 417, which held that when an appellate court must resolve factual disputes about the trial court's record, mandamus is the sole appropriate remedy. However, in Associated Estates Corp., the trial court had refused to adopt the defendant's proposed App.R. 9(C) statement of evidence.  Mandamus or procedendo may be appropriate to compel a trial court to correct alleged errors in the record if the trial court refuses to act.  See, generally, Whiteside, Ohio Appellate Practice (1993) 60, T 4.07(D); cf. Konigsberg v. Lamports Co. (1927), 116 Ohio St. 640, 642, 157 N.E. 477, 478; Blecher v. Blecher (Jan. 31, 1980), Cuyahoga App. No. 39662, unreported.

In the case sub judice, the common pleas court had not refused to rule on appellant's motion to correct the record at the time appellant filed his complaint in the court of appeals seeking a writ of mandamus.  We agree with the court of appeals that appellant does not have a clear legal right and appellee possesses no clear legal duty to rule on appellee's motion to correct the record within one week of the date it was filed.

Accordingly, the judgment of the court of appeals is

affirmed.

                              Judgment affirmed.

 Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE
1 By an amendment to App.R. 26 effective July 1, 1993, Murnahan motions are now designated as applications for reopening.