OPINION
The present appeal arises from the decision of the Mahoning County Court of Common Pleas denying Juanita Hall's application for sealing of record of conviction. For the reasons set forth below, the decision of the trial court is reversed and this cause is remanded for further proceedings consistent with this court's opinion herein.
 I. FACTS
On May 9, 1990, Juanita Lee Hall ("appellant") entered a plea of guilty in federal court to one count of attempted tax evasion. The court sentenced appellant to three years of probation, fined her $50 and ordered her to pay restitution. Subsequently, on May 18, 1999, appellant filed an application for sealing of record of conviction in the Mahoning County Court of Common Pleas pursuant to R.C. 2953.32. Appellant indicated in her motion that she had complied with all of the court orders and had waited the appropriate amount of time in order to file her request. Furthermore, appellant stated that no criminal proceedings were currently pending against her and that rehabilitation had been attained. Based upon these findings, appellant was of the opinion that a sealing of the record was consistent with public interest.
The state responded to appellant's application by filing a memorandum in opposition which argued against the appropriateness of granting appellant's request on various constitutional grounds. On June 17, 1999 the trial court denied appellant's application without a hearing and without further comment. Due to the fact that the trial court did not provide any reasoning for its decision, appellant filed a request for findings of fact and conclusions of law. However, the trial court also denied this request. Therefore, appellant filed a notice of appeal on July 15, 1999 in which four assignments of error are alleged. Since the state agrees with the allegations contained in appellant's second assignment of error, such will be addressed first herein.
 II. ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error reads as follows:
 "THE LOWER COURT ERRED AND APPELLANT WAS DENIED DUE PROCESS OF LAW IN THAT IT FAILED TO COMPLY WITH THE PROVISIONS OF OHIO REVISED CODE 2953.32 SPECIFICALLY BY FAILING TO SET AND HOLD A HEARING AS REQUIRED BY OHIO REVISED CODE 2953.32(B)."
Under appellant's second assignment of error, it is asserted that the trial court failed to comply with the dictates of R.C.2953.32(B) which mandates that a hearing be held prior to reaching a decision on an application for sealing of record of conviction. In that the trial court rendered a decision on the application without the benefit of a hearing, appellant contends that a reversal is warranted for further proceedings. The denial of a hearing by the trial court is equated to a denial of appellant's due process rights. In its notice to this court, the state concedes that at the very least appellant was entitled to a hearing before her application was denied. Hence, the state agrees that the matter should be reversed and remanded to the trial court with instructions to conduct a hearing as provided by statute.
 A. APPLICABLE LAW
R.C. 2953.32 addresses the procedure by which an individual may apply for the sealing of a record of a first offense. Division (B) of this statute addresses the need to hold a hearing on the motion and specifically provides in relevant part as follows:
 "Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified." (Emphasis added).
It is axiomatic that the use of the word "shall" in a statute denotes that compliance with the commands of the statute is mandatory absent clear and unequivocal legislative intent to the contrary. State ex rel. Botkins v. Laws (1994), 69 Ohio St.3d 383,385. Noncompliance with a mandatory statute will render the proceedings to which it relates illegal and void. In re Davis
(1999), 84 Ohio St.3d 520, 522 citing State ex rel. Jones v.Farrar (1946), 146 Ohio St. 467, 471-472.
Numerous appellate districts have had the opportunity to address the language of R.C. 2953.32(B) as it relates to the need to hold a hearing on an application for sealing of record of conviction. The consensus on this issue is that a hearing is mandatory prior to the issuance of a decision on the application.State v. Saltzer (1984), 14 Ohio App.3d 394; State v. Berry (Oct. 22, 1999), Montgomery App. No. 17780, unreported; State v.Hagopian (Sept. 21, 1999), Franklin App. No. 98AP-1572;. State v.Woolley (Mar. 30, 1995), Cuyahoga App. No. 67312, unreported;State v. Starkey (Mar. 1, 1991), Trumbull App. No. 90-T-4463, unreported.
 B. ANALYSIS
A review of the record in the present case clearly reveals that the trial court denied appellant's application without having provided a hearing on the matter. The language of the statute unequivocally provides that a hearing "shall" be provided. This mandate is unconditional. Since the trial court chose to proceed despite the dictates of R.C. 2953.32(B), the trial court's decision must be viewed as being illegal and void. In re Davisand Jones, supra. Therefore, the decision of the trial court is reversed and this matter is remanded so that a hearing may be conducted regarding the validity of appellant's application.
While normally our analysis would end at this point pursuant to App.R. 12(A)(1)(c), we choose in this case to briefly discuss appellant's first and third assignments of error as they too have merit. While these assignments arguably are rendered moot due to our determination under appellant's second assignment of error, we nonetheless will address said assignments so as to provide guidance to the trial court when dealing with this case on remand.
 III. ASSIGNMENT OF ERROR NUMBER ONE
Appellant's first assignment of error reads as follows:
 "THE LOWER COURT ERRED IN RELYING ON THE ERRONEOUS ASSERTIONS OF LAW MADE BY THE STATE AND THE ADULT PAROLE AUTHORITY INCLUDING ERRONEOUS ASSERTIONS THAT OHIO REVISED CODE 2953.32
VIOLATES ARTICLE III, SECTION 11 OF THE OHIO STATE CONSTITUTION, THE `SUPREMACY CLAUSE' OF THE FEDERAL CONSTITUTION AND IS IRRECONCILABLE WITH REVISED CODE 2961.01."
While the trial court denied appellant's application without a hearing and without providing any basis for its decision, appellant asserts that the state's motion in opposition provides the only insight on record as to the trial court's reasons for the denial. In the motion in opposition, the state argues that R.C. 2953.32 violates Article III, Section 11 of the Ohio Constitution, the "Supremacy Clause" of the Federal Constitution and is irreconcilable with R.C. 2961.01. We would note that this court has previously upheld the constitutionality of R.C. 2953.32
when we decided State ex rel. Gains v. Rossi (Mar. 9, 1999), Mahoning App. No. 98-CA-51, unreported. Furthermore, this court's decision was affirmed by the Ohio Supreme Court when it decidedState ex rel. Gains v. Rossi (1999), 86 Ohio St.3d 620. In light of these recent decisions, the trial court may not rely upon similar arguments which may be posed by the state in order to deny appellant's application on remand.
 IV. ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error reads:
 "THE TRIAL COURT ERRED AND APPELLANT WAS DENIED DUE PROCESS OF LAW IN THAT IT FAILED TO COMPLY WITH THE PROVISIONS OF OHIO REVISED CODE 2953.32 SPECIFICALLY BY FAILING TO CONSIDER THE STATUTORY FACTORS AS REQUIRED BY OHIO REVISED CODE 2953.32(C)(1)."
Appellant next argues that the trial court erred as it did not consider various statutory factors as provided by R.C. 2953.32
(C)(1). This section of the statute provides as follows:
"(C)(1) The court shall do each of the following:
 (a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case;
 (b) Determine whether criminal proceedings are pending against the applicant;
 (c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
 (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
 (e) Weigh the interests of the applicant in having the records pertaining to his conviction sealed against the legitimate needs, if any, of the government to maintain those records." (Emphasis added)
As previously noted, the use of the term "shall" in a statute denotes that compliance is mandatory. Botkins, supra. As related to R.C. 2953.32(C)(1) in particular, this court has stated that a trial court must include proper findings in its judgment entry to illustrate compliance with the statute. City of Youngstown v.Sims (Oct. 31, 1996), Mahoning App. No. 96-CA-26, unreported at 2. The failure to document such compliance in its entry is grounds for reversal. Id. This position has also been adopted by the Ninth and Eighth District Courts of Appeals in State v.Cuttiford (Feb. 11, 1998), Lorain App. No. 006724, unreported andState v. Woolley (Mar. 30, 1995), Cuyahoga App. No. 67312, unreported, respectively. In the case at bar, the trial court merely stated in its judgment entry that "Defendant, Juanita Lee Hall' (sic) Application for Sealing of Record of Conviction is denied." This statement in conjunction with the fact that no hearing was held by the trial court is indicative of the trial court's failure in any way to abide by the mandates of R.C.2953.32(C)(1)
On remand, the trial court shall consider all aspects of R.C.2953.32(C) and shall document said consideration in its judgment entry addressing appellant's application. Due to the fact that appellant's fourth assignment of error deals with the trial court's refusal to issue findings of fact and conclusions of law, such is rendered moot by our discussion of assignment of error number three. In the event the trial court complies with our holding as related to R.C. 2953.32(C), there will be no need for the issuance of findings of fact and conclusions of law as the court's judgment entry will contain adequate explanation.
Based upon the foregoing reasoning, the decision of the trial court is reversed and this matter is remanded for further proceedings consistent with this court's opinion and according to law.
JUDGMENT: Reversed and Remanded.
Cox, P.J., Donofrio, J., concurs.
APPROVED:
 ________________________ JOSEPH VUKOVICH, JUDGE.