ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Plaintiff-appellant, the State of Ohio, appeals from the order of the Cuyahoga County Court of Common Pleas granting the application of defendant-appellee, David L. Lisy, for expungement of his criminal conviction.
On September 18, 1995, defendant pled guilty to attempted carrying of a concealed weapon, in violation of R.C. 2923.02 and 2923.12. On October 23, 1995, the trial court sentenced defendant to a term of six months incarceration, but suspended the sentence and placed defendant on one year of probation, with the requirement that he obtain employment, enroll in college by April 25, 1996, maintain a C average and pay a $150 fine and court costs. Defendant received a termination of his probation upon fulfilling each of the conditions.
After waiting the required three years from his discharge, on December 9, 1999, defendant filed an application for expungement of his criminal conviction. On March 31, 2000, without benefit of a hearing, the trial court granted defendant's application for expungement.
Appellant timely appealed, assigning two assignments of error for our review:
 I. A TRIAL COURT ERRS IN RULING ON A MOTION FOR EXPUNGEMENT FILED PURSUANT TO R.C. 2953.32 WITHOUT FIRST HOLDING A HEARING. (R.C. 2953.32(B)) STATE V. HAMILTON (1996), 75 OHIO ST.3d 363; STATE V. SALTZER (1984), 14 OHIO APP.3d 394, FOLLOWED.
 II. A TRIAL COURT ERRS IN GRANTING A MOTION TO SEAL THE RECORD OF CONVICTION WHEN IT IS WITHOUT JURISDICTION TO GRANT SAID MOTION TO AN APPLICANT WHO IS NOT A FIRST OFFENDER.
In its first assignment of error, appellant contends that the trial court failed to comply with the dictates of R.C. 2953.32(B), which mandates that a trial court conduct a hearing prior to reaching a decision regarding an application for sealing a record of conviction.
R.C. 2953.32 addresses the procedure by which an individual may apply for the sealing of a record of a first offense. Division (B) of this statute addresses the need to hold a hearing on the motion and specifically provides in relevant part as follows:
 Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application.
 The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. * * * (Emphasis added).
It is axiomatic that the use of the word `shall' in a statute denotes that compliance with the commands of the statute is mandatory absent clear and unequivocal legislative intent to the contrary. State v. Hall (Mar. 20, 2000), Mahoning County App. No. 99CA190, unreported, citing State ex rel. Botkins v. Laws (1994), 69 Ohio St.3d 383, 385. Noncompliance with a mandatory statute will render the proceedings to which it relates illegal and void. Id., citing In re Davis (1999),84 Ohio St.3d 520, 522.
This court, and numerous other appellate districts, have had the opportunity to address the language of R.C. 2953.32(B) as it relates to the need to hold a hearing on an application for sealing a record of conviction. The consensus on this issue is that a hearing is mandatory prior to the issuance of a decision on the application. State v. Saltzer (1984), 14 Ohio App.3d 394; State v. Hall, supra; State v. Berry (Oct. 22, 1999), Montgomery App. No. 17780, unreported; State v. Hagopian (Sept. 21, 1999), Franklin App. No. 98-AP-1572; Aurora v. Bulanda (June 14, 1996), Portage App. No. 95-P-0130, unreported; State v. Woolley (Mar. 30, 1995), Cuyahoga App. No. 67312, unreported; State v. Starkey (Mar. 1, 1991), Trumbull App. No. 90-T-4464, unreported.
A review of the record indicates that the trial court granted defendant's motion without first conducting a hearing on the matter. The language of the statute unequivocally provides that a hearing shall be provided. Because the trial court chose to proceed despite the dictates of R.C. 2953.32(B), the trial court's order is illegal and void. In re Davis, supra. Therefore, the decision of the trial court granting defendant's application for expungement is reversed and this matter is remanded for further proceedings in accordance with R.C. 2953.32.
Appellant's first assignment of error is sustained. Because our disposition of appellant's first assignment of error renders the second assignment of error moot, we need not consider it. See App.R. 12(A)(1)(c).
It is ordered that appellant recover of appellee its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
 ______________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
JAMES D. SWEENEY, J. and MICHAEL J. CORRIGAN, J., CONCUR.