[Cite as *Courtney v. Dept. of Job & Family Servs.*, 2018-Ohio-4472.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| PATRICIA COURTNEY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-T-0086** |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, | : | |
| Defendant-Appellee. | : | |

Administrative Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CV 00524.

Judgment: Affirmed.

*David M. Lynch,* 333 Babbitt Road, Suite 333, Euclid, OH 44123 (For Plaintiff-Appellant).

*Mike Dewine,* Ohio Attorney General and *Theresa R. Hanna,* Assistant Attorney General, Health and Human Services Section, 30 East Broad Street, 26th Floor, Columbus, OH 43215 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1} Patricia Courtney appeals from the judgment of the Trumbull County Court of Common Pleas, affirming the decision of the Ohio Department of Job and Family Services ("ODJFS") revoking her certification as a foster parent for a period of five years. Finding no reversible error, we affirm.

{¶2} Ms. Courtney was a foster parent in Trumbull County, Ohio. October 28, 2015, the Trumbull County Children Services Board ("TCSB") sent her a letter, notifying

her it intended to ask ODJFS to revoke her certification, for various rule violations. In January 2016, Ms. Courtney filed a grievance. In March 2016, ODJFS issued a notice letter, stating that it intended to revoke Ms. Courtney's certification based on the recommendations made by TCSB. Later, ODJFS withdrew this letter, and issued a new one on July 8, 2016, stating it intended to revoke Ms. Courtney's certification since she had not had any foster children within her care during the preceding 12 months, in violation of R.C. 5103.0326(B).

{¶3} Hearing was held before an ODJFS hearing officer. Ultimately, she recommended that Ms. Courtney's certification be revoked, but only for one year. ODJFS adopted the hearing officer's report, except it made the revocation effective for five years. Ms. Courtney appealed to the trial court, which affirmed ODJFS. She timely noticed this appeal, assigning three errors.

{¶4} This is an administrative appeal, governed by R.C. 119.12, which provides, in relevant part:

{¶5} "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. The court shall award compensation for fees in accordance with section 2335.39 of the Revised Code to a prevailing party, other than an agency, in an appeal filed pursuant to this section.

{¶6} "The judgment of the court shall be final and conclusive unless reversed,

2

vacated, or modified on appeal. These appeals may be taken either by the party or the agency, shall proceed as in the case of appeals in civil actions, and shall be pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code. An appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and, in the appeal, the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record."

{¶7} The first assignment of error reads: "The trial court committed error in determining that appellant had a hearing on her license revocation at the county level." Ms. Courtney cites to the testimony of Lakeisha Hilton, an ODJFS employee that other reasons than the fact she had not fostered any children in the preceding 12 months (in fact, she had not done so since December 2013), and that county proceedings generally precede state proceedings. Presumably, these other reasons were the alleged rule violations set forth in the March 2016 letter from ODJFS, which was based on information submitted to it by TCSB. Ms. Courtney further points to R.C. 119.07, which provides the notice for a hearing involving the suspension of a license "shall include the charges or other reasons for the proposed action." Ms. Courtney contends that since the July 8, 2016 notice letter from ODJFS, proposing to revoke her certification for failure to have foster children for 12 months did not refence the charges set forth in the prior, March 2016 letter, the notice was legally insufficient.

{¶8} ODJFS points to Admin.Code 5101:2-5-26 as controlling when a county hearing must be held when a fostering certification is revoked. It provides, in relevant part:

{¶9} "(B) If the agency decides to recommend * * * revocation, pursuant to paragraph (C) of this rule it shall provide written notification by certified mail, return receipt requested, to the applicant or foster caregiver of the following:

{¶10} "(1) The reason for the decision to recommend * * * revocation.

{¶11} "(2) The specific law or rule(s) with which the applicant or foster caregiver allegedly is not in compliance.

{¶12} "(3) The method of and time limits for requesting a local agency grievance meeting."

{¶13} As ODJFS points out the October 28, 2015 letter initiating these proceedings did advise her of the grievance process properly. As ODJFS also points out, no rule or regulations confines it to a local grievance process after proceedings have commenced. ODJFS also notes that the revocation of Ms. Courtney's certification was clearly based on the fact she had not fostered any children since December 2013, which was not the reason her certification was originally to be revoked.

{¶14} The first assignment of error lacks merit.

{¶15} The second assignment of error reads: "The trial court committed error in determining that going without foster children for twelve (12) months is sufficient to revoke a foster parent license, even if other unstated motives were the real reason for revocation." Again, Ms. Courtney argues ODJFS' reason for revoking her certification was pretextual. She further points to R.C. 5103.0326, which provides, in relevant part:

4

"(B) The department of job and family services *may* revoke the certification of any foster caregiver who has not cared for one or more foster children in the foster caregiver's home within the preceding twelve months." She argues that since the statute grants ODJFS discretion to enforce this rule, that discretion must be exercised with regard to her due process rights.

{¶16} We respectfully do not see any violation of due process, here. The July 8, 2016 notice letter told her why ODJFS intended to revoke her certification. She received a full hearing, where she was ably represented by counsel. She has since received two appeals.

{¶17} The second assignment of error lacks merit.

{¶18} The third assignment of error reads: "The trial court incorrectly ruled that the foster parent license ban for not having children for twelve (12) months is a 5 year ban, not a 1 year ban as recommended by the Ohio Dept. of Job and Family Services hearing officer." Ms. Courtney notes the hearing officer recommended a one year revocation, not the five year revocation adopted by ODJFS. She argues that ODJFS was bound by this.

{¶19} We respectfully disagree. Admin.Code 5101:2-5-26 provides, in relevant part:

{¶20} "(J) If a foster home application or certificate has been * * * revoked pursuant to Chapter 119. of the Revised Code, the applicant or person to whom the certificate was issued *shall* not be eligible for any ODJFS children services license or certification for five years from the date of denial or revocation or the exhaustion of all appeals, whichever is later." (Emphasis added.) In *State ex rel. Botkins v. Laws*, 69 Ohio St.3d 383, 385 (1994), the court held:

5

{¶21} "It is axiomatic that when used in a statute, the word 'shall' denotes that compliance with the commands of that statute is mandatory unless there appears a clear and unequivocal legislative intent that it receive a construction other than its ordinary usage. *Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 534, * * *; *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, * * *, paragraph one of the syllabus." (Parallel citations omitted.)

{¶22} Ms. Courtney points to no authority indicating that this administrative code provision is not mandatory.

{¶23} The third assignment of error lacks merit.

{¶24} The assignments of error lacking merit, the judgment of the Trumbull County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

DIANE V. GRENDELL, J.,

concur in judgment only.

6