[Cite as *State v. Solomon*, 2023-Ohio-1935.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

AARON SOLOMON

    Appellant

C.A. No.    22CA011916

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    18CR098203

DECISION AND JOURNAL ENTRY

Dated: June 12, 2023

STEVENSON, Judge

{¶1} Defendant-Appellant Aaron Solomon ("Solomon") appeals from the judgment of the Lorain County Court of Common Pleas denying his application for post-conviction DNA testing. For the reasons set forth below, we affirm.

I

{¶2} This case arises from the sexual assault of R.S., a minor. In March 2018, the Lorain County Grand Jury indicted Solomon on 16 charges, including rape, kidnapping, corrupting another with drugs, and several sexually violent predator specifications. Pursuant to a plea agreement, Solomon pleaded guilty to one count of kidnapping, a felony of the first degree, one count of gross sexual imposition, a felony of the third degree, and one count of corrupting another with drugs, a felony of the second degree. The trial court sentenced Solomon to a mandatory prison term of three years and classified him as a Tier II sexual offender.

{¶3}    In October 2022, Solomon filed a *pro se* petition for post-conviction DNA testing pursuant to R.C. 2953.73.  The trial court denied the petition for failure to include the application form prescribed by the Ohio Attorney General for DNA testing.

{¶4}    Solomon timely appeals and raises one assignment of error for our review.

II

**ASSIGNMENT OF ERROR I**

**THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT'S APPLICATION UNDER R.C. 2953.73 FOR DNA TESTING BECAUSE IT DID NOT FOLLOW THE PROPER STATUTORY PROCEDURE**

{¶5}    In his single assignment of error, Solomon argues that the trial court abused its discretion when it denied his petition because it did not first order the prosecuting attorney to investigate and file a DNA evidence report pursuant to R.C. 2953.75 identifying any biological material that had been collected and stating whether a sample of that material still existed. Solomon claims there was evidence showing that another individual was responsible for the crimes he was convicted of that would have exonerated him if the trial court had not rejected his application. Solomon asks this Court to reverse the trial court's judgment and remand to the trial court with instructions to follow the proper statutory procedures under R.C. 2953.73(C) and (D).

{¶6}    This Court reviews the denial of a petition for post-conviction DNA testing under an abuse of discretion standard. *State v. Lockhart*, 5th Dist. Delaware No. 22CAA 07 0056, 2022-Ohio-3192, ¶ 22; *State v. Hayden*, 2d Dist. Montgomery No. 24992, 2012-Ohio-6183, ¶ 19. *See generally State v. Noling*, 153 Ohio St.3d 108, 2018-Ohio-795.  An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  When applying the

abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621 (1993).

{¶7} The State argues that the trial court properly denied Solomon's petition because he did not comply with the mandatory requirement of R.C. 2953.72(A) to submit his application on the form prescribed by the Ohio Attorney General. We agree.

{¶8} R.C. 2953.72(A) states that "[a]ny eligible offender who wishes to request DNA testing under sections 2953.71 to 2953.81 of the Revised Code *shall* submit an application for the testing to the court of common pleas specified in section 2953.73 of the Revised Code, *on a form prescribed by the attorney general for this purpose*." (Emphasis added.)

{¶9} "It is axiomatic that when used in a statute, the word 'shall' denotes that compliance with the commands of the statute is mandatory[.]" *State ex rel. Botkins v. Laws*, 69 Ohio St.3d 383, 385 (1994); *In re Collins*, 9th Dist. Summit No. CA20864, 2002-Ohio-2436, ¶ 14. "The rule has been stated frequently and clearly: 'In statutory construction, the word "may" shall be construed as permissive and the word "shall" shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage.'" *Collins* at ¶ 14, quoting *Dept. of Liquor Control v. Sons of Italy Lodge 0917*, 65 Ohio St.3d 532, 534 (1992), citing *Dorrian v. Scioto Conservancy Dist.,* 27 Ohio St.2d 102 (1971), paragraph one of the syllabus.

{¶10} Therefore, based on the plain terms of R.C. 2953.73(A), "an application for DNA testing must be submitted on a form prescribed by the attorney general." *Lockhart*, 2022-Ohio-3192, at ¶ 27. The trial court is not statutorily required to accept an application that is not on the proper form. *Id; State v. Quinn*, 6th Dist. Lucas No. L-18-1055, 2018-Ohio-4536, ¶ 18.

{¶11} Here, Solomon's application was not submitted on the Ohio Attorney General's prescribed form, which is available free of charge on the internet. Based on Solomon's failure to comply with R.C. 2953.72(A) by filing the appropriate prescribed form, and in light of the above-referenced case law construing that requirement, we conclude that the trial court did not abuse its discretion by denying his application.

{¶12} Wherefore, based on the foregoing, Solomon's single assignment of error is overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.

### III

{¶13} The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

CARR, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

AARON SOLOMON, pro se, Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.