SHIMOLA, APPELLEE, *v.* CITY OF CLEVELAND, APPELLANT.

[Cite as *Shimola v. Cleveland* (1993), 68 Ohio St.3d 1201.]

(No. 92–1718—Submitted October 19, 1993—Decided December 22, 1993.)

*Fadel & Beyer, William D. Beyer* and *Steven D. Jones,* for appellee.

*Danny R. Williams,* Director of Law, and *Paul A. Janis,* Assistant Director of Law, for appellant.

The appeal is dismissed, *sua sponte,* as having been improvidently allowed.

A.W. SWEENEY, DOUGLAS, RESNICK and PFEIFER, JJ., concur.

MOYER, C.J., WRIGHT and M.L. RESNICK, JJ., dissent.

MELVIN L. RESNICK, J., of the Sixth Appellate District, sitting for F.E. SWEENEY, J.

MELVIN L. RESNICK, J., dissenting. I respectfully dissent from the conclusion of the majority that this case was improvidently allowed. Entirely aside from any ultimate decision on the merits of the case, I believe the case presents a question of great public interest as to the possible retroactive effect of R.C. 2744.05(B) regarding the impairment of a remedy instead of a substantive right. This court may not be required to overrule *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 566 N.E.2d 154, but could instead determine the constitutional question regarding the possible retroactive effect of R.C. 2744.05(B) should we find that only a remedy was affected. Thus, we could distinguish the *Vogel* decision. The majority's decision that the case was improvidently allowed, however, raises an implication that application of the statute in this case affects a substantive right without consideration of the argument that application of the statute may have affected only a remedy.

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.