[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 110.]

THE STATE EX REL. SHIMOLA V. CITY OF CLEVELAND ET AL.

[Cite as *State ex rel. Shimola v. Cleveland*, 1994-Ohio-243.]

*Mandamus to compel city of Cleveland to pay the principal amounts of three 1990 judgments entered against the city and accrued statutory postjudgment interest—Writ granted, when.*

(No. 94-610—Submitted June 29, 1994—Decided August 24, 1994.)

In Mandamus.

_____

{¶ 1} On August 17, 1981, relator, Charles D. Shimola, brought a civil action against respondent city of Cleveland for damages arising out of the destruction of his real property. A jury trial was subsequently held, at which a verdict was directed in favor of Shimola on the issue of the city's liability. The jury determined that Shimola was entitled to damages from the city in the amount of $72,500. On October 29, 1990, the Cuyahoga County Court of Common Pleas entered a judgment upon the jury verdict. On December 17, 1990, the common pleas court entered judgment in favor of Shimola and against the city in the amount of $2,650.56 for costs, and on December 19, 1990, the common pleas court entered judgment for Shimola against the city for prejudgment interest in the amount of $60,304.11, representing interest from July 5, 1982 to October 29, 1990, upon the $72,500 judgment. The city appealed all three of the foregoing judgments on June 18, 1992. (See *Shimola v. Cleveland* [1992], 89 Ohio App.3d 505, 625 N.E.2d 626.) This court initially granted a motion to certify the record, but on December 22, 1993, dismissed the city's appeal as having been improvidently allowed. (See *Shimola v. Cleveland* [1993], 68 Ohio St.3d 1201, 623 N.E.2d 84.) Despite several requests for payment by Shimola following this court's dismissal of the city's appeal, the city has failed to satisfy any of the three judgments.

**{¶ 2}** On March 23, 1994, Shimola filed this action, requesting a writ of mandamus to, inter alia, compel respondents, the city of Cleveland and its director of finance, to pay all money necessary to satisfy the three judgments entered against the city of Cleveland, plus all accrued interest. On April 22, 1994, respondents requested an extension of time until May 2, 1994 to file an answer, and the court granted the extension. On April 29, 1994, respondents requested an additional four-day extension to file an answer. On May 4, 1994, the court denied respondents' second request for an extension of time, and on May 6, 1994, respondents filed an untimely answer.

**{¶ 3}** On May 13, 1994, relator filed a motion for default judgment and issuance of a writ of mandamus. Respondents did not file a timely response to relator's motion.

––––––––––––––––––––

*William T. Wuliger*, for relator.

*Sharon Sobol Jordan*, Director of Law, and *Kathleen A. Martin*, Chief Assistant Director of Law, for respondents.

––––––––––––––––––––

*Per Curiam.*

**{¶ 4}** Pursuant to former S.Ct.Prac.R. VIII, Section 1, now S.Ct.Prac.R. X, Section 2, mandamus actions filed originally in this court "shall proceed as any civil action under the Ohio Rules of Civil Procedure." See, also, R.C. 2731.09. When appropriate, a Civ.R. 55 default judgment may be entered in a mandamus action. *State ex rel. Spirko v. Court of Appeals* (1986), 27 Ohio St.3d 13, 27 OBR 432, 501 N.E.2d 625. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.]" Civ.R. 55(A). Respondents failed to timely answer and did not obtain

leave of court to file their untimely answer. Therefore, relator's request that respondents' answer be stricken is granted.

{¶ 5} Under Civ.R. 55(D), a default judgment may be entered against the state only if the "claimant establishes his claim or right to relief by evidence satisfactory to the court." *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 473, 605 N.E.2d 37, 39. Therefore, a default judgment against the state is not absolutely prohibited, but the court must look beyond the simple admissions resulting from a failure to serve a responsive pleading. See 1 Klein, Browne & Murtaugh, Baldwin's Ohio Civil Practice (1988) 311, T 25.02(B)(2). In order for a writ of mandamus to issue, Shimola must establish that he has a clear legal right to satisfaction of the judgments plus any accrued postjudgment interest, that respondents have a clear legal duty to pay such amounts, and that he has no plain and adequate remedy at law. *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 632 N.E.2d 897.

{¶ 6} Shimola's counsel's affidavit, filed in support of the motion for default judgment, indicates that respondent city of Cleveland owed money to Shimola based on the following three judgments: (1) October 29, 1990: $72,500, (2) December 17, 1990: $2,650.56, and (3) December 19, 1990: $60,304.11. The affidavit further notes that the city has paid no money towards the satisfaction of those judgments. Additionally, pursuant to Sections 94 and 100 of the Cleveland City Charter, the city's director of finance supervises the disbursement of city funds. In addition to the principal amounts of the judgments, R.C. 1343.03(A) automatically bestows a right to postjudgment interest as a matter of law. See, *e.g.*, *Testa v. Roberts* (1988), 44 Ohio App.3d 161, 542 N.E.2d 654. The accrued interest is calculated from the dates of the judgments. R.C. 1343.03(B). The evidence thus establishes that Shimola has a clear legal right to the principal amount of the judgments (totalling $135,454.67) and accrued postjudgment interest of ten percent

per year from the dates of those judgments, and that respondents have a clear legal duty to pay Shimola these amounts.

{¶ 7} It is further evident that Shimola has no adequate legal remedy to enforce the judgments and accrued interest, since the city is immune from execution pursuant to R.C. 2744.06(A), which provides:

"Real or personal property, and moneys, accounts, deposits, or investments of a political subdivision are not subject to execution, judicial sale, garnishment, or attachment to satisfy a judgment rendered against a political subdivision in a civil action to recover damages for injury, death, or loss to persons or property caused by an act or omission of the political subdivision or any of its employees in connection with a governmental or proprietary function. Such judgments shall be paid from funds of the political subdivisions that have been appropriated for that purpose, but, if sufficient funds are not currently appropriated for the payment of judgments, the fiscal officer of a political subdivision shall certify the amount of any unpaid judgments to the taxing authority of the political subdivision for inclusion in the next succeeding budget and annual appropriation measure and payment in the next succeeding fiscal year * * *."

{¶ 8} Accordingly, Shimola has established his right to a writ of mandamus by satisfactory evidence. For the foregoing reasons, Shimola is granted a writ of mandamus compelling the city of Cleveland to pay the principal amounts of the three 1990 judgments and accrued statutory postjudgment interest.

Writ granted.

MOYER, C.J., A.W. SWEENEY, DOUGLAS and PFEIFER, JJ., concur.

RESNICK, J., concurs in judgment only.

WRIGHT and F.E. SWEENEY, JJ., not participating.

————————————