OPINION
{¶ 1} Defendants-appellants, Gary R. Smith and Precision-Electric, appeal from the judgment of the Trumbull County Court of Common Pleas, awarding post-judgment interest to plaintiff-appellee, Deborah S. Palac. For the reasons that follow, we affirm the lower court's decision.
 {¶ 2} This appeal arises from complex civil litigation involving personal injury resulting from an automobile accident. On May 5, 2000, judgment on the jury verdict in the amount of $75,000 was rendered in favor of Palac and against Smith and his employer, Precision-Electric, appellants herein.
 {¶ 3} A dispute subsequently arose with regard to a setoff of $2,000 against the general verdict based upon a subrogation claim paid by appellants' insurance carrier. Pursuant to this dispute, various motions were filed, including a motion for new trial filed by appellee. The trial court ruled in favor of appellants on October 31, 2000, and overruled appellee's motion for new trial as being untimely filed.
 {¶ 4} Appellee filed a notice of appeal with this court on November 30, 2000. This court dismissed this appeal on April 24, 2001, on the grounds that the appeal was untimely pursuant to App.R. 4(A), and held that the court's subsequent judgments on the post-verdict motions did not serve to extend the time for appeal.
 {¶ 5} Appellee filed a subsequent appeal with the Ohio Supreme Court which was dismissed, sua sponte, on September 5, 2001. Palac v. Smith (2001), 93 Ohio St.3d 1411. Appellee followed this appeal with a petition for a writ of certiorari to the United States Supreme Court, which was denied on February 19, 2002. Palac v. Smith (2002), 534 U.S. 1131.
 {¶ 6} During the aforementioned dispute and subsequent appeal process, the original judgment remained unpaid.
 {¶ 7} On September 24, 2002, appellee filed a "Motion for Award of Post-Judgment Interest," pursuant to R.C. 1343.03(A).
 {¶ 8} On November 22, 2002, an entry was filed with the trial court indicating that the judgment against appellants had been paid in full, was fully satisfied and discharged as of November 19, 2002. On the same day, a stipulation was filed, acknowledging that while there remained a dispute between the parties regarding the issue of "Palac's entitlement to post-judgment interest * * * the period of time used to compute the amount, if any, of post-judgment interest to be awarded * * * terminates no laterthan November 19, 2002." (Emphasis added).
 {¶ 9} On February 9, 2005, the trial court entered judgment awarding post-judgment interest to appellee. The judgment read, in relevant part, as follows:
 {¶ 10} "This case has been continuous from the first hearing in which this court was involved.
 {¶ 11} "Both sides blame the other for the delay in satisfying the judgment entered on May 5, 2000, after an award by a jury of $75,000. On October 30, 2000, the amount of judgment was reduced to $73,000.
 {¶ 12} "Therefore, post-judgment interest is due Plaintiff on the amount of $73,000.00 from the date of May 5, 2000, to the date of November 19, 2000 at 10% per annum" (emphasis added).
 {¶ 13} On April 26, 2005, appellee filed a "Motion for Clarification" with the trial court, "pursuant to Civ.R. 60(A)." In her motion, appellee alleged the court made a typographical or clerical error by adopting November 19, 2000 as the ending date to which post-judgment interest would accrue, rather than November 19, 2002, the date settlement was reached.
 {¶ 14} On May 25, 2005, the trial court entered a Corrected Judgment Entry, which changed the ending date for the calculation of post-judgment interest to November 19, 2002, and ordering that interest be paid in the amount of $18,540.00.
 {¶ 15} Appellants timely appealed, raising the following as error:
 {¶ 16} [1.] "The trial court erred to defendants-appellants' prejudice in its May 27, 2005 entry when it implicitly granted plaintiff-appellee's "Motion to Clarify" changing its February 11, 2005 entry and awarding to plaintiff-appellee two additional years of post-judgment interest.
 {¶ 17} [2.] "Plaintiff-appellee was not entitled to post-judgment interest because delay in satisfaction of the judgment on the jury's verdict was due entirely to plaintiff-appellee's post-judgment challenge to the fundamental validity of the amount awarded to her by the jury in its verdict."
 {¶ 18} In their first assignment of error, appellants argue that the trial court erred to their prejudice by granting relief pursuant to Civ.R. 60(A). Appellants first argue that the trial court erred by granting relief under Civ.R. 60(A). The court did not merely correct a clerical error, but rather changed the substance of its prior order. Appellants further argue that relief under 60(A) was inappropriately granted, since appellee did not file her "motion to clarify" until after the time for appeal had lapsed.
 {¶ 19} Under Civ.R. 60(A) "a court has the discretionary power to correct a clerical error." Allen v. Allen (Mar. 31, 2000), 11th Dist. No. 99-T-0011, 2000 Ohio App. LEXIS 1455, at *6 (citation omitted). Thus, a trial court's decision to modify a judgment under the rule will not be reversed absent a showing that the trial court abused its discretion.
 {¶ 20} An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169 (citation omitted). Reversal, under an abuse of discretion standard, is not warranted merely because appellate judges disagree with the trial judge or believe the trial judge erred. Id. Reversal is appropriate only if "the result [is] so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v.Jenkins (1984), 15 Ohio St.3d 164, 222 (citation omitted).
 {¶ 21} Civ.R. 60(A) provides for the correction of clerical mistakes after final judgment has been entered and states:
 {¶ 22} "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."
 {¶ 23} The rule, as written, "authorizes the correction of clerical mistakes only. Substantive changes in judgments, orders, or decrees are not within its purview." Kuehn v. Kuehn (1988),55 Ohio App.3d 245, 247, citing Musca v. Chagrin Falls (1981),3 Ohio App.3d 192, at paragraph one of the syllabus.
 {¶ 24} "The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of `blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner." Id. (citation omitted). In other words, "[t]he term `clerical mistake' * * * merely describes the type of error identified with mistakes in transcription, * * * [i]t is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision."Dentsply Internatl. Inc. v. Kotsus (1985), 26 Ohio App.3d 116,118 (citation omitted) (emphasis omitted); Knaser v. Knaser
(July 5, 1991), 11th Dist. No. 90-L-15-092, 1991 Ohio App. LEXIS 3206, at *5.
 {¶ 25} On the basis of the record before us, we can only conclude that the original date of November 19, 2000, for the termination for the calculation of interest, rather than November 19, 2002, was an inadvertent clerical mistake.
 {¶ 26} Although the November 19, 2000 date is indisputably within the range of dates stipulated to by the parties for the calculation of post-judgment interest, this date does not correspond with any event relevant to the proceedings.
 {¶ 27} In contrast, November 19, 2002 is the date upon which the amount of the judgment was paid in full. See Ickes v. CNAIns., 5th Dist. No. 2001CA00241, 2002-Ohio-2531, at ¶¶ 17-18 (appellate court concluded that Civ.R. 60(A) entry changing the date from January 3, 2001 to January 3, 2000, for the purposes of calculating pre-judgment interest was appropriate where the latter date corresponded to the date appellants entered into a settlement agreement with their insurer).
 {¶ 28} Moreover, since appellants stipulated "that the period of time used to compute the amount * * * of post-judgment interest * * * terminates no later than November 19, 2002, the date that the * * * judgment on the verdict * * * was paid in full, satisfied and discharged," they cannot now complain that the date ultimately adopted by the trial court for the purposes of calculating post-judgment interest affected a "substantial right" or was arbitrary or unreasonable.
 {¶ 29} We, likewise, find no merit to appellants' argument that the motion was untimely filed, simply because 74 days had passed prior to appellee's filing of her motion for clarification, and appellee did not file a notice of appeal of the court's decision. Although appellants are correct in their assertion that Civ.R. 60(A) cannot be used "as a substitute for an appeal" of a judgment, Kramer v. Union Eye Care Ctr., Inc.
(Dec. 15, 1999), 9th Dist. NO. 98CA007209, 1999 Ohio App. LEXIS 5995, at *4 (citation omitted), the rule itself states that "[c]lerical mistakes in judgments * * * arising from oversight or omission may be corrected by the court at any time * * *." Civ.R. 60(A). Cf. State ex rel. Henry v. Britt (1981), 67 Ohio St.2d 71, 74-75 (holding that a trial court retains jurisdiction, even following an appeal, to correct a clerical oversight or omission).
 {¶ 30} Since a reading of appellee's motion makes clear that she was not seeking to challenge the substantive merits of the trial court's decision, but rather that she was merely indicating to the court a suspected clerical oversight, we conclude that her Civ.R. 60(A) motion was not made as a substitute for an untimely appeal.
 {¶ 31} Appellants' first assignment of error is without merit.
 {¶ 32} In their second assignment of error, appellants argue that the trial court erred in awarding post-judgment interest, since any delays in the payment of the judgment were her "litigious behavior," which estopped her from claiming post-judgment interest for the period of delay occasioned by her conduct.
 {¶ 33} As an initial matter, "R.C. 1343.03(A) automatically bestows a right to post[-]judgment interest as a matter of law."State ex rel. Shimola v. Cleveland, 70 Ohio St.3d 110, 112,1994-Ohio-243; Judy v. Ohio Bur. of Motor Vehicles100 Ohio St.3d 122, 2003-Ohio-5277, at ¶ 32 (citations omitted).
 {¶ 34} R.C. 1343.03 provides as follows:
 {¶ 35} "[W]hen money becomes due and payable * * * upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct * * * the creditor is entitled to interest * * *." R.C. 1343.03(A).
 {¶ 36} "[I]nterest on a judgment * * * rendered in a civil action based on tortious conduct * * * shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid." R.C. 1343.03(B) (emphasis added);Braun v. Pikus (1995), 108 Ohio App.3d 29, 31.
 {¶ 37} "[T]he policy behind post[-]judgment interest is `to compensate the judgment creditor for the fact that he has not had the use of a certain sum of money that has been adjudged to be his.'" Judy, 2003-Ohio-5277, at ¶ 32 (citations omitted); accord Lovewell v. Physicians Ins. Co. of Ohio,79 Ohio St.3d 143, 147, 1997-Ohio-175, ("[t]he purpose of post[-]judgment interest awards is to guarantee a successful plaintiff that the judgment will be paid promptly, and to prevent a judgment debtor from profiting by withholding money belonging to the plaintiff").
 {¶ 38} It follows then that "* * * a [judgment] debtor may stop the running of interest by * * * tendering unconditional payment in full of the judgment rendered against him." Viock v.Stowe-Woodward Co. (1989), 59 Ohio App.3d 3, 5.
 {¶ 39} Tender is defined at common law as "an unconditional offer of payment consisting of the actual production * * * of a sum not less than the amount due on a specific debt or obligation." Braun, 108 Ohio App.3d, at 32 (citations omitted). Moreover, where the tender is accompanied by a release, such tender is ineffective. Marsico v. Rader (Nov. 10, 1999), 9th Dist. No. 98CA007186, 1999 Ohio App. LEXIS 5311, at *7 (citation omitted).
 {¶ 40} Both parties agree, via the aforementioned stipulation, that tender of payment was effective on November 19, 2002, and not sooner. Thus, the only issue to be determined is whether appellee's actions in filing an appeal were made in bad faith.
 {¶ 41} Our review of the record indicates that appellee's appeal with this court was dismissed, via Memorandum Opinion on the basis of not being timely filed. However, this holding was also predicated partially on the court's disposition of other post-trial motions, including the motion for new trial.
 {¶ 42} Appellants have failed to offer proof of their allegations of bad faith or frivolous conduct on the part of appellee beyond the mere fact that appellee filed subsequent appeals.
 {¶ 43} Even if the trial court had concluded that appellee had conducted herself in a manner "estopping [her] from claiming interest, such as bad faith or want of diligence in prosecution of the appeal," such a finding would not obviate the award of post-judgment interest "in the absence of a tender by the judgment debtor." Moore v. Jock (1993), 90 Ohio App.3d 413, 416
(citation omitted).
 {¶ 44} In other words, regardless of the merits of appellee's subsequent appeals, appellants could have tolled the accumulation of interest charges by unconditionally tendering the amount of the judgment as rendered.
 {¶ 45} Since the trial court, in awarding full measure of post-judgment interest, implicitly concluded that appellee did not act in bad faith or want of diligence in pursuing her appeals, we cannot conclude, absent additional evidence to the contrary, that the court abused its discretion in awarding post-judgment interest.
 {¶ 46} Appellants' second assignment of error is without merit.
 {¶ 47} For the foregoing reasons, we affirm the judgment of the Trumbull County Court of Common Pleas.
Donald R. Ford, P.J., Cynthia Westcott Rice, J., concur.