[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hunt v. E. Cleveland*, Slip Opinion No. 2023-Ohio-407.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-407

THE STATE EX REL. HUNT ET AL. *v.* THE CITY OF EAST CLEVELAND.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hunt v. E. Cleveland*, Slip Opinion No. 2023-Ohio-407.]

*Mandamus—R.C. 2744.06—Writ sought to compel city to satisfy monetary judgment against it—Writ granted.*

(No. 2021-1592—Submitted January 10, 2023—Decided February 15, 2023.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Marilyn Conard ("Conard")[1] and relator Charles D. Hunt won a civil judgment of nearly $8 million against respondent, the city of East Cleveland, and former city police officer Todd Carroscia. The trial court also awarded nearly $2.5 million in prejudgment interest. In this original action, Hunt and relator Maisha

_____

1. Marilyn Conard died after the court of appeals affirmed the judgment in her favor.

Conard, as administrator of the estate of Conard, seek a writ of mandamus ordering the city to satisfy the judgment, plus pre- and postjudgment interest, or, alternatively, to take the steps described in R.C. 2744.06(A) for appropriating the funds necessary to satisfy the judgment. We grant the writ.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** On October 5, 2008, Carroscia responded to a call concerning another police officer's pursuit of a stolen motorcycle. *See Hunt v. E. Cleveland*, 2019-Ohio-1115, 128 N.E.3d 265, ¶ 2 (8th Dist.). While driving at high speed, Carroscia's police vehicle collided with a car driven by Hunt, in which Conard was a passenger. *Id.* at ¶ 2, 92. Hunt and Conard were seriously injured.

**{¶ 3}** Hunt and Conard sued Carroscia and the city for their injuries. In 2017, a jury returned a verdict in Hunt's and Conard's favor, finding that their injuries were caused by the negligence of Carroscia and the city. The jury also found that Carroscia "acted with a conscious disregard for [Hunt's and Conard's] rights and safety." The jury awarded total compensatory damages of $7,710,180 ($6,119,738 to Hunt and $1,590,442 to Conard). The jury also awarded $1 million in punitive damages—$500,000 to each plaintiff—against Carroscia only. The trial court entered a judgment on the jury verdict. The trial court later entered a separate order awarding prejudgment interest in the amounts of $1,958,316.16 to Hunt and $508,941.44 to Conard.

**{¶ 4}** Carroscia and the city appealed to the Eighth District Court of Appeals, which affirmed the judgment. *See Hunt*.[2] We declined jurisdiction over the city and Carroscia's discretionary appeal. 156 Ohio St.3d 1470, 2019-Ohio-2953, 126 N.E.3d 1185. Carroscia and the city appealed to the United States

---

2. The court of appeals held that the order awarding prejudgment interest was not properly before it, because the city and Carroscia had not amended their notice of appeal or filed a separate notice of appeal to bring the trial court's ruling before the court. *Hunt*, 2019-Ohio-1115, 128 N.E.3d 265, at ¶ 26-27.

Supreme Court, which denied certiorari. *E. Cleveland v. Hunt*, __ U.S. __, 140 S.Ct. 576, 205 L.Ed.2d 359 (2019). Following the exhaustion of its appeals, the city took no action to pay the judgment.

{¶ 5} In December 2021, relators commenced this original action, seeking a writ of mandamus ordering the city to pay the amounts owed on the judgment, as required by R.C. 2744.06. In addition to the principal amount awarded by the jury and the prejudgment interest awarded by the trial court, relators contend that as of May 3, 2022, the city owes postjudgment interest in the amounts of $1,939,732.96 to Hunt and $503,852 to Conard's estate, which they calculated by using the Ohio Department of Taxation's certified interest rates for 2017 to 2022. In all, relators claim that as of May 3, 2022, the city owes Hunt $10,017,787.10 and Conard's estate $2,603,235.94.[3]

{¶ 6} We granted an alternative writ and set a schedule for the parties to submit evidence and briefing. 166 Ohio St.3d 1471, 2022-Ohio-1156, 185 N.E.3d 1100. Relators submitted evidence and merit briefs; the city filed a merit brief but did not submit evidence.

## II. ANALYSIS

### A. Relators Are Entitled to Mandamus Relief

{¶ 7} To obtain the requested writ of mandamus, relators must establish (1) a clear legal right to enforcement of the judgment, (2) a corresponding clear legal duty on the part of the city to pay it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Estate of Miles v. Piketon*, 121 Ohio St.3d 231, 2009-Ohio-786, 903 N.E.2d 311, ¶ 17.

{¶ 8} For the clear legal right and duty enforceable in mandamus, relators rely on R.C. 2744.06(A), which provides:

---

3. Relators do not seek a writ ordering the city to pay the punitive damages assessed against Carroscia. *See* R.C. 2744.05 (no punitive damages may be awarded against a political subdivision).

> Real or personal property, and moneys, accounts, deposits, or investments of a political subdivision are not subject to execution, judicial sale, garnishment, or attachment to satisfy a judgment rendered against a political subdivision in a civil action to recover damages for injury, death, or loss to person or property caused by an act or omission of the political subdivision or any of its employees in connection with a governmental or proprietary function. Those judgments *shall be paid* from funds of the political subdivisions that have been appropriated for that purpose, but, if sufficient funds are not currently appropriated for the payment of judgments, the fiscal officer of a political subdivision *shall* certify the amount of any unpaid judgments to the taxing authority of the political subdivision for inclusion in the next succeeding budget and annual appropriation measure and payment in the next succeeding fiscal year as provided by section 5705.08 of the Revised Code, unless any judgment is to be paid from the proceeds of bonds issued pursuant to section 133.14 of the Revised Code or pursuant to annual installments authorized by division (B) or (C) of this section.

(Emphasis added.)

{¶ 9} Thus, when a political subdivision has been found liable for a civil judgment in an action described in R.C. 2744.06(A), it *shall* pay the judgment from funds appropriated therefor, include the amount in the appropriation for the next fiscal year, or satisfy the judgment through the proceeds of bonds or through annual installments. *See id.* "It is axiomatic that when used in a statute, the word 'shall' denotes that compliance with the commands of that statute is mandatory unless there appears a clear and unequivocal legislative intent that it receive a construction other than its ordinary usage." *State ex rel. Botkins v. Laws*, 69 Ohio St.3d 383,

4

385, 632 N.E.2d 897 (1994). And there is no "clear and unequivocal legislative intent" here to indicate anything other than that the requirements of R.C. 2744.06(A) are mandatory.

{¶ 10} Relators have demonstrated a clear legal right to enforcement of their judgment and a clear legal duty on the part of the city to satisfy it. Hunt and Conard prevailed at trial in a civil action claiming injuries caused by the city and Carroscia and obtained (1) a judgment totaling $7,710,180 in compensatory damages on a jury verdict finding the city (and Carroscia) liable for negligence and (2) an order awarding $2,467,257.60 in prejudgment interest. And to date, the city has neither satisfied the judgment nor arranged to do so in any of the ways described in R.C. 2744.06(A). *See State ex rel. Shimola v. Cleveland*, 70 Ohio St.3d 110, 112, 637 N.E.2d 325 (1994) (finding a "clear legal right" for the relator to receive and a "clear legal duty" of Cleveland to pay the unpaid principal amounts of judgments and accrued statutory postjudgment interest).

{¶ 11} Relators have also established that they lack an adequate remedy in the ordinary course of the law. Relators cannot commence judgment-enforcement proceedings, because under R.C. 2744.06(A), the city is immune from execution. *See Shimola* at 112. In *Shimola*, we granted a writ of mandamus compelling Cleveland to pay judgments that it had failed to pay. *Id.* We also ordered Cleveland to pay postjudgment interest under R.C. 1343.03. *Id.* Under this authority, relators are entitled to a writ of mandamus compelling the city to pay the amount of the judgment; prejudgment interest, as ordered by the trial court; and statutory postjudgment interest.

{¶ 12} The city argues that *Shimola* is "completely inapposite" because the respondent there (Cleveland) did not answer the mandamus complaint and we therefore did not resolve the case on the merits. The city's interpretation of *Shimola* is inaccurate. While it is true that Cleveland did not timely respond to the complaint in that case, we did not resolve the case on that basis. We determined on the merits

that the relator was entitled to a writ of mandamus based on the relator's evidence because "a default judgment may be entered against the state [or a political subdivision] only if the 'claimant establishes his claim or right to relief by evidence satisfactory to the court.' " *Shimola* at 112, quoting *State ex rel. Weiss v. Indus. Comm.*, 65 Ohio St.3d 470, 473, 605 N.E.2d 37 (1992); *see also* Civ.R. 55(D).

{¶ 13} The city also tries to distinguish *Shimola*, 70 Ohio St.3d 110, 637 N.E.2d 325, on the basis that the underlying case there involved solely a negligence claim. Because the underlying case here involved a jury finding that Carroscia engaged in wanton or reckless misconduct, the city contends that R.C. 2744.06(A) does not apply. The city is again incorrect. R.C. 2744.06(A) applies generally to "damages for injury, death, or loss to person or property caused by an act or omission of the political subdivision or any of its employees in connection with a governmental or proprietary function." And in any event, the city overlooks the fact that the jury found negligence on the part of both the city and Carroscia.

{¶ 14} For these reasons, *Shimola* is on point and supports relators' claim to mandamus relief to compel the city's compliance with R.C. 2744.06(A).

*B. The City's Arguments Are Improper Collateral Attacks on the Judgment*

{¶ 15} In opposing issuance of the writ, the city attacks the underlying premise that it is liable for the damages determined by the jury and ordered by the trial court. *See Estate of Miles*, 121 Ohio St.3d 231, 2009-Ohio-786, 903 N.E.2d 311, at ¶ 1, 36 (denying writ of mandamus because the judgment at issue was against the former police chief only and not against the municipality). The city's arguments, however, are an improper attempt to relitigate issues that it already raised and lost in the underlying trial and appeal.

### 1. Trial Court's Judgment Is Not Ambiguous

{¶ 16} First, the city argues that the trial court's entry of judgment is defective under Civ.R. 58 and therefore does not establish that relators have a *clear* legal entitlement to have the city satisfy the judgment. We reject this argument.

**{¶ 17}** Civ.R. 58(A)(1) provides:

> Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal.

**{¶ 18}** The city contends that the trial court did not enter a valid judgment under Civ.R. 58, because it merely recited the jury's verdict. The trial court did not, says the city, enter judgment on the jury verdict or identify which of the two defendants the jury returned its verdict against.

**{¶ 19}** We disagree with the city's reading of the trial court's judgment entry. The trial court's judgment entry did more than simply record the jury's verdict. The trial court issued its judgment entry on a form indicating that the case was disposed pursuant to a jury trial. The journal entry recited what the jury awarded, and the court's form expressly noted that it was a *disposition* of the case.

**{¶ 20}** The city makes much of the fact that the judgment entry did not state specifically that the city was liable, as it referred only to the amounts awarded to Hunt and Conard. The city also notes that the entry refers to defendant Carroscia (against whom punitive damages were assessed) as not being liable for attorney fees. But this does not make the judgment ambiguous. There were only two defendants that went to trial, and moreover, a judgment against Carroscia *necessarily* meant that the city was liable. *See* R.C. 2744.02(B) ("political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle *by their employees* when the employees are engaged within the scope of their employment and authority" [emphasis

added]). Accordingly, we view the trial court's entry as a clear pronouncement of a judgment in favor of the plaintiffs and against both defendants, consistent with the jury's verdict.

## 2. Immunity Arguments

{¶ 21} The city also argues that there is not a clear legal right or duty enforceable in mandamus because the city "cannot be liable, without more, for the actions of an individual employee." But the city's challenge to its liability is nothing more than an impermissible collateral attack on the trial court's judgment, which has already been affirmed on appeal. *See Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 25 (in absence of fraud or want of jurisdiction, a judgment is considered valid and may not be collaterally attacked in another proceeding). As noted above, the judgment in this case imposes liability on the city and R.C. 2744.06(A) imposes a legal duty on the city to satisfy the judgment. The city cannot relitigate its liability in this mandamus proceeding.

## 3. The City's Liability Is Established

{¶ 22} In addition to rearguing (erroneously) that it is immune from liability, the city also contends that there has been no finding of negligence against it. The city further contends that it cannot be held liable for the entire amount of the jury's verdict, because there has been no "apportionment of damages" as between its liability and Carroscia's liability. Like the immunity arguments above, these arguments are collateral attacks on the judgment of the trial court and are legally incorrect.

{¶ 23} The city's argument that there was no finding of negligence against it ignores the jury interrogatory that expressly found "Defendants" (i.e., the city and Carroscia) negligent. Moreover, as a matter of law, there is no requirement for a separate finding of negligence as to the city. The city's argument ignores that R.C. 2744.02(B)(1)(a) imposes liability against a political subdivision for an employee's

negligent operation of a motor vehicle and for willful or wanton misconduct in operating a vehicle during an emergency call.

{¶ 24} The city's "apportionment of damages" argument is also without merit. The city had the burden to establish at trial whether an apportionment of damages was appropriate. *See Pang v. Minch*, 53 Ohio St.3d 186, 559 N.E.2d 1313 (1990), paragraph six of the syllabus. The fact that there was no apportionment of damages in the jury's verdict does not, as the city argues, call into question the city's liability to pay the entire judgment. To the contrary, the absence of apportionment is consistent with the concept of joint and several liability among tortfeasors. *See id.* at 197.

{¶ 25} Finally, the city contends that relators have an adequate remedy in the ordinary course of the law in that they may seek recovery from Carroscia. In fact, the city argues that because the jury found that Carroscia's misconduct was willful and wanton, he is the only defendant liable for the harm and therefore the only defendant from whom relators may seek recovery. This argument fails because the city is liable under R.C. 2744.02(B)(1)(a) for the injuries caused by Carroscia's willful and wanton misconduct in his operation of a motor vehicle during an emergency call.

### 4. Prejudgment Interest

{¶ 26} The city also contends that it cannot be ordered to pay prejudgment interest, because it is in a fiscal emergency. Essentially, the city argues that the trial court's order of prejudgment interest was erroneous because it did not consider the city's fiscal-emergency status. This argument is also without merit, as it seeks to litigate an issue that the city forfeited by not appealing the trial court's order awarding prejudgment interest. *See Hunt*, 2019-Ohio-1115, 128 N.E.3d 265, at ¶ 26-27. Moreover, the city did not submit any evidence in this case to support the assertion that it is in a fiscal emergency, nor did it cite authority for the proposition

that a city's fiscal-emergency status can override the statutory duty imposed by R.C. 2744.06(A).

## III. CONCLUSION

**{¶ 27}** R.C. 2744.06(A) imposes a clear legal duty on the city to satisfy the judgment rendered in favor of Hunt and Conard. The city's arguments in this case are an impermissible attempt to relitigate the unsuccessful defenses it raised at trial and the arguments it lost on appeal. We therefore grant a writ of mandamus ordering the city to pay relators all money necessary to satisfy the judgment, prejudgment interest, and statutory postjudgment interest calculated from April 27, 2017, to the date the judgment is paid. If the city does not have sufficient funds presently appropriated for the payment of the judgment and interest, it shall comply with the requirements of R.C. 2744.06(A) for appropriating funds to satisfy the judgment, prejudgment interest, and statutory postjudgment interest.

Writ granted.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

DiCello Levitt Gutzler, L.L.C., Robert F. DiCello, Kenneth P. Abbarno, and Justin J. Hawal, for relators.

Willa M. Hemmons, East Cleveland Director of Law, and Heather McCollough, Assistant Director of Law, for respondent.

_____