[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Black v. E. Cleveland*, Slip Opinion No. 2024-Ohio-2688.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2688

THE STATE EX REL. BLACK *v.* THE CITY OF EAST CLEVELAND.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Black v. E. Cleveland*, Slip Opinion No. 2024-Ohio-2688.]

*Mandamus—R.C. 2744.06—Writ sought to compel city to satisfy monetary judgment against it—Writ granted.*

(No. 2023-0244—Submitted February 27, 2024—Decided July 17, 2024.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Relator, Arnold Black, prevailed in a jury trial and won a civil judgment of $20 million in compensatory damages and over $5 million in prejudgment interest against respondent, City of East Cleveland ("the city"). Black

filed this original action for a writ of mandamus when the city failed to satisfy the judgment or take any steps to appropriate the necessary funds to do so. Black has established, by clear and convincing evidence, that he has a legal right to enforcement of the civil judgment and that the city has a legal duty to pay Black in satisfaction of the civil judgment. And because Black lacks an adequate remedy in the ordinary course of the law to seek enforcement of the judgment awarded to him, we grant the requested writ of mandamus and order the city to satisfy the judgment for compensatory damages, including pre- and postjudgment interest, or if necessary, to take the steps described in R.C. 2744.06(A) for appropriating the funds necessary to satisfy the judgment.

## I. BACKGROUND

{¶ 2} In April 2012, Black was arrested during a traffic stop by East Cleveland police officers, *see Black v. Hicks*, 2020-Ohio-3976, ¶ 3 (8th Dist.), even though the officers admitted that they had "no legitimate reason for stopping and detaining Black since Black had not committed a crime," *id*. at ¶ 45. During the stop, Detective Randy Hicks began questioning Black about who sells drugs in East Cleveland. *Id.* at ¶ 4. When Black replied that he did not know, Detective Hicks "became violent and repeatedly struck Black's face and head without provocation or justification." *Id.* Hicks called another officer to transport Black to the East Cleveland jail where Black was placed in "a storage room that the police officers referred to as a 'holding cell.' " *Id.* at ¶ 5. The room was infested with cockroaches and contained a wooden bench, some storage lockers, and cleaning supplies, with no bed or toilet. *Id.* Black was kept in the storage room for four days. *Id.* at ¶ 6. Black's former fiancée testified that when Black was finally released, his head was swollen like a "helmet" and he acted fearful. *Id.* at ¶ 7.

{¶ 3} Black sued Chief Ralph Spotts, Hicks, and the city for his injuries. *Black v. Hicks*, Cuyahoga C.P. No. CV-14-826010. In August 2019, a jury returned a verdict in Black's favor, finding that Hicks's conduct was a "proximate cause" of

Black's injuries. The jury found that Hicks used excessive force in violation of Black's constitutional rights, committed a battery against Black, and falsely arrested and/or imprisoned him. Hicks was also found liable as a supervisor because the jury determined that the deprivation of Black's constitutional rights "took place at [Hicks's] direction or with [his] knowledge, acquiescence, or consent." As to Chief Spotts, the jury found him liable for directing or knowing about, acquiescing to, or consenting to the deprivation of Black's constitutional rights. The jury also found that the "City of East Cleveland through its policy makers, the Chief of Police and/or the Mayor, established or promoted a policy(s), practice(s), or custom(s) that deprived" Black of his constitutional rights and that was a proximate cause of Black's injuries.

{¶ 4} The jury awarded compensatory damages against all defendants, jointly and severally, in the amount of $20 million, and punitive damages against both Hicks and Spotts in the amount of $15 million each. In November 2019, on Black's motion, the trial court entered a separate order awarding him prejudgment interest in the amount of $5.2 million.

{¶ 5} The city and Spotts appealed to the Eighth District Court of Appeals, which affirmed the trial court's judgment. *Black v. Hicks*, 2020-Ohio-3976, at ¶ 2 (8th Dist.). Thereafter, this court declined jurisdiction over the city and Spotts's discretionary appeal. *Black v. Hicks*, 2020-Ohio-5169 (denying jurisdiction); *id.*, 2020-Ohio-6835 (denying reconsideration). The United States Supreme Court denied the city's petition for a writ of certiorari.

{¶ 6} In October 2021, Black's attorney communicated with the city via certified letter to notify it of its obligations to satisfy the judgment, but the city failed to acknowledge or respond to the attorney's communications.

{¶ 7} Thus, in February 2023, Black commenced this original action, seeking a writ of mandamus to compel the city to pay the amounts owed on the judgment, as required by R.C. 2744.06. In all, Black claims the city should pay

$30,492,000, which represents the sum of compensatory damages, prejudgment interest, and postjudgment interest calculated through August 11, 2023. In his complaint, Black also requested that we grant him reasonable attorney fees and the costs of this action.[1]

**{¶ 8}** In July 2023, this court granted Black an alternative writ and set a schedule for the parties to submit evidence and briefing. 2023-Ohio-2348. Black submitted evidence, a merit brief, and a reply brief. The city filed a merit brief but did not submit evidence.

## II. ANALYSIS

### A. Black is entitled to mandamus relief

**{¶ 9}** To obtain a writ of mandamus, Black must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the city to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Estate of Miles v. Piketon*, 2009-Ohio-786, ¶ 17.

**{¶ 10}** In a separate case, we recently granted a writ of mandamus commanding the city to pay a civil judgment and held that "[i]f the city does not have sufficient funds presently appropriated for the payment of the judgment and interest, it shall comply with the requirements of R.C. 2744.06(A) for appropriating funds to satisfy the judgment, prejudgment interest, and statutory postjudgment interest." *State ex rel. Hunt v. E. Cleveland*, 2023-Ohio-407, ¶ 27. In *Hunt*, the plaintiffs prevailed at trial against the city and a former East Cleveland police officer on a negligence claim and were awarded compensatory damages of nearly $8 million. *Id.* at ¶ 1, 3. In that case, we held that R.C. 2744.06(A) imposes a clear

---

1. Although Black requested an award of reasonable attorney fees in his complaint, Black did not reiterate that request in his merit brief or reply brief and has not made any argument in support of that request. Black has thus waived this claim. *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 2012-Ohio-753, ¶ 69.

legal duty on the part of the city to satisfy the civil judgment for negligence. *Id.* at ¶ 27.

{¶ 11} Black was awarded $20 million in compensatory damages on a jury verdict finding all defendants jointly and severally liable for the deprivation of Black's constitutional rights. R.C. 2744.06(A) satisfies the clear legal right and clear legal duty requirements for a writ of mandamus because compliance with the statute is mandatory: "[W]hen a political subdivision has been found liable for a civil judgment in an action described in R.C. 2744.06(A), it *shall* pay the judgment from funds appropriated therefor, include the amount in the appropriation for the next fiscal year, or satisfy the judgment through the proceeds of bonds or through annual installments," (emphasis in original), *Hunt* at ¶ 9. "It is axiomatic that when used in a statute, the word 'shall' denotes that compliance with the commands of that statute is mandatory unless there appears a clear and unequivocal legislative intent that it receive a construction other than its ordinary usage." *State ex rel. Botkins v. Laws*, 69 Ohio St.3d 383, 385 (1994).

{¶ 12} As for the requirement that Black lacks an adequate remedy in the ordinary course of the law, Black is prohibited from commencing judgment-enforcement proceedings because the city is immune from execution under R.C. 2744.06(A). *See State ex rel. Shimola v. Cleveland*, 70 Ohio St.3d 110, 112-113 (1994). Thus, Black has no recourse aside from a request for mandamus relief to enforce satisfaction of the judgment including accrued interest. *See Hunt* at ¶ 11; *see also Shimola* at 112 (holding that the evidence established that relator had a clear legal right to the principal amount of the judgments and accrued postjudgment interest from the dates of those judgments, and that respondents had a clear legal duty to pay relator those amounts).

{¶ 13} Therefore, like the relators' evidence in both *Shimola* and *Hunt*, Black's evidence clearly and convincingly demonstrates that he is entitled to the requested relief in mandamus. Black prevailed at a jury trial and obtained a

judgment totaling $20 million in compensatory damages and $5.2 million in prejudgment interest. By operation of R.C. 1343.03, Black has a clear legal right to postjudgment interest from the date of the judgment, *see* R.C. 1343(A) and (B), and the city has a clear legal duty to satisfy all unpaid principal amounts and accrued postjudgment interest. *See Shimola* at 112. The city unsuccessfully appealed the jury's verdict and still has not satisfied the judgment or, relator contends, arranged to do so in any of the ways described in R.C. 2744.06(A). Accordingly, Black is entitled to a writ of mandamus ordering the city to pay Black all money necessary to satisfy the judgment, prejudgment interest, and statutory postjudgment interest calculated from August 15, 2019, to the date the judgment is paid. If the city does not have sufficient funds presently appropriated for the payment of the judgment and interest, it shall comply with the requirements of R.C. 2744.06(A) for appropriating funds to satisfy the judgment, prejudgment interest, and statutory postjudgment interest.

### B. The city's defenses

{¶ 14} The city contends that Black is not entitled to a writ of mandamus because he cannot establish a clear legal right to relief. In support of this contention, the city points to a motion it filed in the trial court after the deadline for submitting evidence in this case had passed, asking the trial court to "(1) authorize [the city] to make annual installment payments on the portion of the judgment as permitted under R.C. 2744.06(B)(2), and (2) enforce the mandatory non-economic damage cap under R.C. 2744.05(C)(1) to cap the $20,000,000 in compensatory damages awarded by the jury at $250,000."

{¶ 15} Although the city did not submit evidence in this case, it attached a copy of its trial-court motion to the merit brief it filed in this original action. Although Black did not move to strike the attachment, S.Ct.Prac.R. 16.02(B)(5) limits what documents may be attached to a merit brief filed in this court and does not allow litigants to attach pleadings—or any other type of evidence—to a merit

6

brief. S.Ct.Prac.R. 16.02(B)(5); *State ex rel. WTOL Television, L.L.C. v. Cedar Fair, L.P.*, 2023-Ohio-4593, ¶ 19.

{¶ 16} In any case, the city's argument that its trial-court motion is "obviously directly relevant to Relator's requested writ" is incorrect. The city argues that the writ should be denied because its trial-court motion, if granted, could reduce the amount of compensatory damages the city owes to Black. Therefore, in the city's view, Black has not established with certainty the amount of damages and interest owed to him. In support of this argument, the city relies on *State ex rel. St. Clair Twp. Bd. of Trustees v. Hamilton*, 2019-Ohio-717, for the proposition that a writ of mandamus "will not issue unless 'the right to relief [is] clear and the amount established with certainty,' " (brackets added in *St. Clair*), *id*. at ¶ 25, quoting *State ex rel. Manley v. Walsh*, 2014-Ohio-4563, ¶ 25. The city's reliance on *St. Clair* is misplaced.

{¶ 17} *St. Clair*, which was an original action in mandamus, pertained to "one political subdivision's claim that it had a clear legal right to obtain tax proceeds from another political subdivision." *State ex rel. Pike Cty. Convention & Visitor's Bur. v. Pike Cty. Bd. of Commrs.*, 2021-Ohio-4031, ¶ 28. In *St. Clair*, "[w]e acknowledged that the alleged legal duty of a political subdivision to remit tax proceeds to another entity might be enforceable in a mandamus action," but denied the claim for relief based on the relator's failure to establish with certainty the amount of lost tax revenue owed. *Pike Cty.* at ¶ 28.

{¶ 18} Unlike the relator in *St. Clair*, Black has submitted sufficient evidence to establish the exact amount of money that the city owes to him. *See State ex rel. Hamlin v. Collins*, 9 Ohio St.3d 117, 120, 122 (1984) (reversing in part a judgment granting a writ to a relator seeking backpay and benefits after wrongful discharge, finding that backpay for the relator's insurance coverage was improperly allowed because "[t]he sole evidence supporting [the relator's] claim for payment of insurance premiums [was] his self-serving affidavit"). Black has submitted (1)

the jury's interrogatories, which set forth the jury's verdict on Black's claims and the amount of compensatory damages to be awarded; (2) the trial court's judgment entering the verdict in Black's favor and ordering the city to pay to Black the damages awarded, including the total compensatory-damages award; (3) the trial court's order awarding Black prejudgment interest; and (4) the court of appeals' judgment affirming the jury's verdict and monetary awards.

{¶ 19} As explained above, the judgment imposes liability on the city and R.C. 2744.06(A) imposes a legal duty on the city to satisfy the judgment. The city's argument in opposition is incorrect and we reject it.

### III. CONCLUSION

{¶ 20} We grant a writ of mandamus to Black and order the city to pay Black all money necessary to satisfy the judgment, prejudgment interest, and statutory postjudgment interest calculated from August 15, 2019, to the date the judgment is paid. If the city does not have sufficient funds presently appropriated for the payment of the judgment and interest, it shall comply with the requirements of R.C. 2744.06(A) for appropriating funds to satisfy the judgment, prejudgment interest, and statutory postjudgment interest.

Writ granted.

_____

DiCello Levitt, L.L.P., Robert F. DiCello, and Justin J. Hawal, for relator.

Bricker Graydon, L.L.P., Benjamin J. Reeb, and Jeffry D. Harris, for respondents.

_____